STATE *vs.* JOEL LOWHORNE,

1.  The admissions of guilt of one who had, prior to making such admissions, been induced by fear or the hope of benefit, to confess himself guilty of a criminal charge, cannot be used against him, unless it be shown by the most irrefragible evidence, that the motives which induced the first confession had ceased to operate.

2   Hence, when a party had been pursuaded to make a confession of guilt, through a promise of immunity from prosecution therefor; *Held*, that in the absence of clear proof that such inducement had ceased to operate, his confessions touching the same offence, thereafter made, were inadmissible.

The cases of *State* v. *Roberts*, 1 Dev. 259, and *State* v. *Lawson*, Phil. L., 47 cited. and approved.

This was an indictment for robbery, tried before His Honor Judge Watts, at Fall Term, 1871, of the Superior Court of Johnston county.

On the trial the State proposed to introduce in evidence the confessions of the prisoner made during Fall Term, 1870, to one Porter.

The defendant objected and offered to show that *previously* to that time the prisoner had been induced to make confessions in consequence of a promise to him not to be prosecuted for the offence, if he did.

His Honor being of opinion that, assuming such to be the case, it would not have the legal effect to exclude the evidence of subsequent confessions, admitted the evidence proposed by the State.

The defendant excepted. There was a verdict of guilty, and, after sentence, the prisoner appealed.

*The Attorney General* for the State.
*Busbee & Busbee* for the prisoner.

BOYDEN, J. In this case the only question for our decision is as to the admissability of the confessions of the defendant.

The case as made is somewhat obscurely stated; but we take it that the defendant had first been induced to confess under the confident belief that if he did confess he would not be prosecuted. And this being so, the question is, whether a subsequent statement of the facts of the case, made secretly to the witness was admissible. There being no evidence to show that the same motives that induced the defendant to make the first statement, were not still the operative motives to the subsequent statement. In the case of *State* v. *Roberts*, 1 Dev., 259, Henderson, Judge, says, "confessions induced by hope, or extorted by fear, are, of all kinds of evidence the least to be relied on, and are, therefore, entirely to be rejected." It seems to be admitted in this case, that the confessions just made, were of that character and were therefore rejected; but that being repeated to the same person some-time afterwards, they lost their original character, assumed that of free and voluntary ones, and became evidence of the truth. How or whence does it appear that the motives which induced the first confession, had ceased to operate when it was repeated; it is not incumbent upon the prisoner to show that they resulted from the same motives. It is presumed that they did; and evidence of the most irrefragable kind should be produced to show that

they did not. It is sufficient that they may proceed from the same cause. See *State* v. *Lawson*, Phil. Rep., 47.

So, in our case, if we have properly understood it, the first confessions were made with the expectation that if he made a candid disclosure, he could not be prosecuted, and there is nothing to show that the motives which induced the first statement did not still continue. It is true, that in the case of the *State* v. *Roberts*, the confession was made to the same person, but that, we think, can make do difference.

There is error.

PER CURIAM.                              *Venire de novo.*