On the trial below, the defendant was convicted. Judgment and (356) appeal.
The facts of the case, and the questions raised upon the trial, are fully stated in the opinion of the Court.
We do not concur in the legal inference that, upon the facts found, the confession of the defendant was voluntary and therefore admissible as evidence.
The facts found are as follows:
The owner, a white man, had lost a hog the night before, and on the following morning, suspecting the defendant, went into his field in company with two other white men, where the defendant, a colored man in his employment, was at work, and telling him that the hog had been stolen, said to him, "I believe you are guilty; if you are, you had better say so; if you are not, you had better say that." Whereupon the defendant confessed the larceny. His Honor held, as a matter of legal inference, these facts do not show that the prisoner was under the influence of either hope or fear, and deeming the confession voluntary, admitted it as evidence. (357)
We have this case: The master, a white man, goes with two other white men into the field where his hireling, a negro, is at work. The master says, "I believe you are guilty; if you are you had better say so." Here is fear excited by a direct charge made by the master, who had brought with him two other white men, and hope suggested by the assurance "If you are guilty, you had better say so." The defendant is subdued and puts himself upon the mercy of the white men. True, the master adds, "If you are not, you had better say that," but this must be qualified by the fact that the master had just said, "I believe you are guilty," and the inference is, "If you say that" I will not believe you.
It is contrary to the genius of our free institutions, that any admissions of a party should be heard as evidence against him unless made voluntarily. The common law looks with jealousy upon anything that has the semblance of torture, and declares that no confession of guilt shall be heard in evidence unless made voluntarily; for, if made under the influence of either hope or fear, there is no test of its truthfulness. Nor can we lose sight of the fact that the moral effect of the supremacy of the white man has not passed away. When an ignorant negro is *Page 294 
charged by his employer, supported by two other white men, with having stolen a hog, and told if you are guilty you had better say so, there is no guarantee of the truth of his admissions; probably they are true, but it may be that he gave way to fear, and under the illusion of the hope held out to him that it would be "better for him to confess," made a confession contrary to the fact. Such is the abhorrence of the common law in respect to extorting confessions, that it is a settled rule, no confession of one charged with crime shall be admitted in evidence against him when it appears that the confession was made by reason of hope or fear. From the facts set out we are satisfied, as a matter of legal inference, that the prisoner made the confession under the influence of hope or fear, or both feelings, excited by the conduct and language of the parties who had him in their power.
(358) In the case of the State v. Nero Davis, 63 N.C. 554, the facts and the legal inference are set out in such a confused manner, that the Court felt under great embarrassment, and after much hesitation, concurred in the ruling of his Honor in the Court below.
PER CURIAM. Judgment reversed and venire de novo.
S. v. Drake, 82 N.C. 594; S. v. Sanders, 84 N.C. 730; S. v. Ellis,97 N.C. 449; S. v. Davis, 125 N.C. 614; S. v. Fox, 197 N.C. 488; S. v.McRae, 200 N.C. 155; S. v. Livingston, 202 N.C. 810; S. v. Grier,203 N.C. 589; S. v. Anderson, 208 N.C. 783; S. v. Caldwell, 212 N.C. 489;S. v. Gibson, 216 N.C. 538; S. v. Hudson, 218 N.C. 233; S. v. Warren,235 N.C. 118.