STATE *v.* JERRE RORIE and PATSY RUSHING.

A prisoner under arrest, on his preliminary examination, was told by the committing magistrate that "he was charged with selling stolen corn, and that if he wanted to tell anything, he could do so, but it was just as he chose:" *Held,* that the statement then made by the prisoner, and reduced to writing by the magistrate, was not admissible in evidence on the trial in the Superior Court; for the reason that the prisoner had not been cautioned as provided for in sec. 23, chap. 33, Bat. Rev., and had not been sufficiently put on his guard.

That the statement of the prisoner was in the nature of a denial, and not a confession, made no difference, and it was not for the State to say, that such declaration did not prejudice the prisoner's case.

(*State* v. *Mathews,* 66 N. C Rep. 106, cited and approved.)

This was an INDICTMENT for *Larceny,* and receiving stolen property, knowing it to be stolen, tried before *Buxton, J.,* at Fall Term, 1875, of RICHMOND Superior Court.

The bill of indictment was found at Fall Term, 1875, of Anson Superior Court, and, upon the affidavit of the prisoner, removed to Richmond county.

There were several exceptions taken to the rulings of his Honor in the court below, but as the case, as decided in this court, turns upon a single point they are omitted.

During the progress of the trial, one Redfearn, the prosecutor, testified, among other things, that after the witnesses were examined before the committing Magistrate, the defendant then made a statement which was taken down in writing by the Magistrate. The Solicitor here proposed to read in evidence the statement made by the defendant and certified by the Magistrate. The counsel for the prisoner objected on ground that the statement was in the nature of a confession, and that the prisoner had not been warned by the committing Magistrate as to his rights, and especially because the prisoner had not been informed that his failure to make any statement should not be used to his prejudice. The Solicitor insisted that the prisoner had been sufficiently put upon his guard, and that the statement was rather in the nature of a denial, than a confession.

The evidence as to the caution given by the Magistrate, was as follows: "When Jesse was arrested he was carried before J. T. Redfearn, J. P., who told him that he was charged with selling stolen corn, and that if he wanted to tell anything he could do so, but it was just as he chose."

The statement, offered in evidence, was as as follows: "Jesse Rorie states that he sent one-half bushel of corn to Hornsboro', and sold corn only one time at Hornsboro', that being one bushel out of carts which he got from Jesse Duren. He says he might have said he did not send the corn to Redfearn's "by the boys."

His Honor overruled the objection, and the prisoners excepted.

There was a verdict of guilty as to both of the defendants.

Whereupon the defendants moved the court for a new trial. Motion overruled. Judgment and appeal.

> *Walker*, for the prisoners.
> *Attorney General Hargrove*, for the State.

SETTLE, J. "At the commencement of the examination, the prisoner shall be informed by the Magistrate that he is at liberty to refuse to answer any question that may be put to him, and that his refusal to answer shall not be used to his prejudice in any stage of the proceedings." Bat. Rev., chap. 33, sec. 23.

In the case at bar, when the prisoner was brought before the Magistrate, he was told by that official that " he was charged with selling stolen corn, and that if he wanted to tell anything he could do so, but it was just as he chose."

Was this a compliance with the statute ? We think it was not. It is essential that judicial confessions be made of the free will of the party, and with full and perfect knowledge of the nature and consequences of the confession ; and if the prisoner does not feel at liberty wholly to decline any explanation or declaration whatever, the examination is not held to have been voluntary. 1 Greenleaf, Ev., sec. 225.

It was the duty of the Magistrate to inform the prisoner that his refusal to answer should not be used to his prejudice in any stage of the proceedings.

This caution is not a mere matter of form, it it is a substantial right, necessary for the protection of prisoners who are too poor to employ counsel, and too ignorant to conduct their own defence.

In the language of this court in the *State* v. *Matthews*, 66 N. C., p. 106, " this caution is an essential part of the proceedings, and must be given to the prisoner under arrest to make his examination admissible in evidence."

But the State says this was a denial of guilt, and not a

confession. It was a declaration which the State used to procure a conviction; and it is not for the State to say the declaration did not prejudice the prisoner's case. Why introduce it at all unless it was to lay a foundation for the prosecution?

The use which was made of the prisoner's statement precludes the State from saying that it was not used to his prejudice.

There must be a *venire de novo*.