## STATE v. HOWELL SPIER.

### Criminal Law—Evidence.

What a defendant says at a preliminary investigation before a committing magistrate, is inadmissible as evidence against him on the trial of an indictment, unless it appears that he was advised of his right to refuse to answer any question, and that such refusal should not be used to his prejudice, even though the declaration was not in the nature of a confession, but consisted of a denial of some fact upon which the state relied for a conviction—and this, notwithstanding the act of 1881, allowing him to testify in his own behalf.

(*State* v. *Matthews*, 66 N. C., 106; *State* v. *Garrett*, 71 N. C., 85; *State* v. *Rorie*, 74 N. C., 148; *State* v. *Efler*, 85 N. C., 585, cited and approved )

INDICTMENT for larceny tried at Spring Term, 1881, of GREENE Superior Court, before *Graves, J.*

The defendant is charged with stealing and also with the felonious receiving a hog, the property of E. M. Albritton, and on the trial offered himself as a witness in his own behalf. Upon the cross-examination he was asked by the solicitor if he stated before the justice of the peace at the preliminary hearing, that he did not know whether the hog was scarred or not. The defendant objected to the question, but it was admitted and the witness answered, "I do not remember telling Mr. Holliday, (the justice) that I did not see the scar until the hog was cleaned and then paid no attention to it."

The prosecutor had testified that his hog had a scar on the neck and one of the ears had rotted off, and these marks were among the means of identifying the property.

The justice being recalled to contradict, stated that the defendant had said that if his hog had any scar, he did not notice it. The defendant's statement was not reduced to writing. Verdict guilty, judgment, appeal by defendant.

*Attorney General,* for the State.

No counsel for defendant. .

SMITH, C. J. The exception to the ruling in admitting the declarations of the defendant before the examining magistrate, as evidence against him, must be sustained upon the authority of two adjudications in this court, *State* v. *Matthews,* 66 N. C., 106, and *State* v. *Rorie,* 74 N. C., 148, in construing section 23 of chapter 33 of Battle's Revisal.

In the latter case the prisoner's statement committed to writing by the justice was offered and received in evidence against him on his trial. Previous to its being made, the justice had informed him of the offence with which he was charged, and said to him that "if he wanted to tell anything he could do so, but it was just as he chose," and on the appeal SETTLE, J., delivering the opinion says: "It was the duty of the magistrate to inform the prisoner that his refusal to answer should not be used to his prejudice at any stage of the proceedings. The caution is not a mere matter of form; it is a substantial right, necessary for the protection of prisoners who are too poor to employ counsel, and too ignorant to conduct their own defence."

In reply to the suggestion that the defendant's words were not a confession, but a denial of his guilt, he proceeds : " It was a declaration which the state used to procure a conviction; and it is not for the state to say the declaration did not prejudice the prisoner's case. Why introduce it at all unless it was to lay a foundation for the prosecution." *State* v. *Garrett,* 71 N. C., 85.

It does not appear that anything was said to the defendant to induce his declaration, nor the caution directed in the statute given, but we think the scope and meaning of it embraces the present case; and to render admissible as evidence against a prisoner what he may say during the investigation, he should not only be advised of his right to

refuse to answer any question, but that such refusal "shall not be used to his prejudice in any stage of the proceedings."

It is suggested, however, that as the act of 1881, ch. 110, renders a person charged with the commission of a criminal offence competent to give evidence on his own behalf on the trial, and when he avails himself of the privilege he occupies the position of any other witness, "equally liable to be impeached or discredited," as is said in *State* v. *Efler*, 85 N. C., 585, his declarations, in conflict with his testimony, although made before the examining magistrate, should be received as they would be against an indifferent witness, when offered to discredit. We do not give this sweeping operation to the act in authorizing the introduction of evidence, before excluded from considerations of general policy and a just regard to the rights of one accused of crime. No reason occurs to us for allowing the jury to hear proof of declarations offered to impair the force of his present testimony, and thus strengthen the case against him, which would not be received to establish his guilt. This is not the purpose of the enabling act. The declarations before the justice, unless accompanied with the prescribed cautions, are rejected because they are not deemed voluntary and reliable. For the same reason, confessions produced by undue influence of hope or fear are not received against an accused party. These latter certainly are not rendered competent under the statute; and why should the former be? Every consideration that forbids the introduction of the evidence in the one case, forbids it in the other. Undoubtedly, when an accused person testifies, he must disclose all the facts of the transaction, and waives his right to be exempt from self-crimination in the matter, and this is a necessity of the position he voluntarily occupies; and he equally exposes himself to discredit by any *legal evidence* that can be brought against him. In this respect he stands in the position of

any other witness, but his right to object to improper evidence remains unaffected.

Error. There must be a *venire de novo.* Let this be certified.

Error.                                    *Venire de novo.*