STATE v. MOLLIE CONRAD.

*Evidence—Criminal Procedure—Preliminary Examination.*

Where the magistrate, before whom a prisoner charged with a crime was brought, but before the warrant was returned, or any of the witnesses had been sworn, and before the prisoner was informed of the charge against him, asked the prisoner if he was ready to proceed, and the latter replied that he was not, because of the absence

of certain witnesses by whom he expected to prove a state of facts relied upon as a defence; *Held,*

1. That the "examination" contemplated by §§1144, 1145 and 1146 of *The Code,* had not then commenced, and any declaration pertinent to the charge, then made by the prisoner, was competent evidence against him, though he was not "cautioned."

2. That it was competent to prove that the matters of defence set up on the preliminary examination were contradictory of those relied upon at the trial.

(*State* v. *Matthews,* 66 N. C., 106; *State* v. *Rorie,* 74 N. C., 148; *State* v. *Spier,* 86 N. C., 600, cited and approved).

The defendant was tried and convicted for larceny, at Spring Term, 1886, of RICHMOND Superior Court, before *Boykin, Judge,* and from the judgment pronounced against him he appealed.

The State proposed to prove that when the prisoner was brought before the Justice of the Peace for the preliminary investigation, the Justice asked her if she was ready for trial, to which she replied that she was not, because of the absence of certain witnesses by whom she expected to prove that the watch, for the larceny of which she was indicted, had been given to her by one Wright. The State had previously offered evidence that the prisoner, on another occasion, declared she had found the watch in the road. Her defence on the trial in the Superior Court was that one Yates had delivered the watch to her as a pledge to secure a debt. The Justice had called the Court to order, but the warrant had not been returned, none of the witnesses had been examined, nor had the prisoner been notified by the Court of the charge against her. The prisoner objected to this evidence upon the ground that she had not been informed by the Justice that she was at liberty to refuse to answer any question put to her, and that such refusal should not be prejudicial to her. Objection overruled, and prisoner excepted.

*Attorney-General* and *Mr. Platt D. Walker,* for the State.
No counsel, for the defendant.

Merrimon, J. It is very clear, that generally, the State may prove the pertinent voluntary declaration of the defendant in respect to the *corpus* of the offence charged in the indictment. And such declarations were competent evidence against the defendent although made to or in the presence of the officer who arrested her at the time the arrest was made, or while she was in his custody. Indeed, her declarations thus made to any person were competent against her unless they were made before the magistrate on the preliminary examination, in respect to the offence with which she was·charged, and he failed, at the commencement of the examination to give her the caution as required by the statute; (*The Code*, §1146.)

The defendant contends that she was not so cautioned, and that her declarations in question were made on her preliminary examination before the magistrate in respect to the offence with which she was charged, and therefore they were not competent evidence against her on the trial. It is found as a fact that her declarations referred to were voluntary, and we are of opinion that they were not made on her preliminary examination before the magistrate, as she contends. This will appear from a brief reference to the statute in respect to such examinations, and the material facts of the case bearing upon it.

The statute (*The Code*, §§1144 and 1145),) requires the magistrate before whom a person arrested for a criminal offence shall be taken, to examine the complainant and the witnesses produced in support of the prosecution, on oath, in the presence of the party accused, in regard to the offence charged, and also in regard to other matters connected with the charge, if he shall deem it pertinent to do so. The magistrate shall then proceed to examine the prisoner or party charged, in relation to the offence. This examination is not to be on oath, and before it is commenced, the accused party shall be informed of the charge against him, and he shall

have reasonable time to send for and obtain counsel, and if he so desire, his counsel shall be present during the examination of the complainant, of the witnesses for the prosecution, and of the party accused, and he shall have the right to cross-examine the witnesses.

The statute (*The Code*, §1146,) further provides in this connection that, at the commencement of the examination, the prisoner shall be informed by the magistrate that he is at liberty to refuse to answer any questions that may be put to him, and that his refusal to answer shall not be used to his prejudice in any stage of the proceedings. It is not said in terms that without the caution thus required to be given, the declarations, statements and confessions of the accused, made on the examination, shall not be competent as evidence against him, but this seems to be implied, and it has been so decided in numerous cases. *State* v. *Mathews*, 66 N. C., 106; *State* v. *Roric*, 74 N. C., 148; *State* v. *Spier*, 86 N. C., 600.

The commencement of the examination is properly, when, after the warrant of arrest is returned executed, the accused is present before the magistrate, and the latter having called and noticed the matter of the charge, proceeds to read the warrant or state the substance of the charge orally. It is then the caution to the accused is due, and ought to be given, because, then, the magistrate has taken official notice of the charge and the accused, and what he does and says, and then the latter must take notice of the magistrate and be under his jurisdiction and control; then he is before the Court and his examination is begun. The accused cannot properly be required to answer the charge at all, until the magistrate shall have examined the complaint, the witnesses produced to support the prosecution, and such other matters connected with the charge as he deems pertinent. Having thus heard the examination, he must then answer or refuse to answer.

The purpose of the statute is, that he shall be advised by the magistrate of his right to refuse to answer all questions that may be put to him as to the charge made against him, without prejudice, during the whole examination, and not simply so much of it as applies to him personally. There is as much reason for the caution at one stage of the examination as another, and, besides, the language of the statute is, that he shall be informed of his right to refuse to answer any question put to him "at the commencement of the examination."

The reason of this provision is that the accused, without the caution, might, before the magistrate, feel compelled to answer questions put to him, and such answers as he might make, might not be voluntary.

It appears from the record, that the warrant had not been returned; that the defendant had not been informed of the charge against her, and that the witnesses for the prosecution had not been sworn. The magistrate was personally ready to proceed with the examination, and asked the accused if she was "ready for trial," to which inquiry she replied that she was not, and made the declarations in question.

The inquiry was made before the magistrate was ready to proceed with the examination and before it commenced. What he said was unofficial, and the defendant was in nowise bound to answer the question put to her. She was not then under control or jurisdiction of the magistrate, and under no judicial constraint to answer; certainly she was not under the constraint provided against by the statute. The declarations made were as competent evidence against the defendant on the trial as if they had been made to or in the hearing of the officer who arrested her, or any person other than the magistrate. They were competent evidence because they were pertinent and voluntary. They were not made on the examination before the magistrate.

There is no error. Let this opinion be certified to the Superior Court to the end that judgment may be entered there according to law.

No error. Affirmed.