STATE v. HENRY DAVIS.

(Decided October 31, 1899.)

*Confessions by a Prisoner—To an Officer—Under Influence
of Hope or Fear.*

1. It is no part of the duty of an officer to extract confessions from
   a party under arrest—such conduct on his part reprehended.
2. Confessions, to be admissible, must be freely and voluntarily
   made; if obtained by operating upon the hopes or fears of the
   prisoner, they are inadmissible.

INDICTMENT for larceny, with a count for receiving, tried
before *Moore, J.,* at September Term, 1899, of the Superior
Court of WAKE County.

The store of one C. E. Horton, of Wake County, had been
robbed and set on fire on Sunday, 16th July. A number of
articles, principally provisions, corresponding in description
with such as were in the store, but not identified as being the
same, were found, the third day after the fire, at the house of
defendant's mother, with whom he lived.    They were found
there by a witness, Beasley, who made the search. The defend-
ant was arrested and indicted for larceny of the goods, and for
receiving the same, knowing them to be stolen.    Among other
witnesses on the part of the State, at the trial, R. J. Conrad
testified:

"I arrested the defendant near Elon College.    Beasley had
told me all about the articles found in the house.    When I
arrested defendant I offered him no inducement to make a
statement, nor made any threats to procure the same. · I did
tell him that I had worked up the case, and he had as well tell
all about it.    He first said that he did not know anything
about the articles in the house.    After a while he told me vol-

untarily that a little, short, black negro, whose name he did not know, and who would weigh about one hundred and thirty pounds, brought the goods found, to his house, Sunday morning; said if he called for the goods he would get them, and if not, he (the defendant) could pay him something for them.

"This was on Wednesday, after the fire. Defendant left here the very next day after the fire."

Exception by defendant that the declarations of the defendant, as recited by R. J. Conrad, were incompetent, being made under an inducement or threat held out by said Conrad, who then had the defendant under arrest.

Exception overruled. The jury found the defendant guilty upon the count for receiving. Judgment and appeal.

*Mr. E. A. Johnson,* for appellant.
*Attorney-General,* for the State.

FAIRCLOTH, C. J. The defendant was indicted for larceny and receiving stolen goods of one Horton. It was proved that Horton's store had been robbed and burned. There was no evidence identifying the goods alleged to have been stolen, and the prosecution failed on the first count. There was no evidence relied on by the State, except the declarations of the defendant, to sustain the second count. The competency of these declarations is the only question presented.

The defendant was arrested by J. H. Conrad, and whilst in his custody, Conrad said to him: "That he had worked up the case, and he had as well tell all about it." The defendant denied any knowledge of the alleged stolen articles, but after a while said that another person brought the goods to his house. The house referred to was his mother's house.

An officer, with authority to arrest, discharges his duty by simply making the arrest, and it is no part of his duties to

provoke a prisoner to make any statement. The genius of our free institutions provides that admissions of a party should not be used against him unless made voluntarily. The common law looks with jealousy on such confessions, for, if made under the influence of hope or fear, they furnish no test of the truth of the matter. They may be true, and they may be inspired by either hope or fear that such statements will be better for him in the near future.

"The mind, under the pressure of calamity, is prone to acknowledge, indiscriminately, a falsehood or a truth, as different agitations may prevail; and therefore a confession obtained by the slightest emotion of hope or fear ought to be rejected." *State v. Roberts,* 12 N. C., 259.

The language that, "I had *worked* up the case, and he had as well tell all about it," was well calcuated to agitate the mind of the defendant, an ignorant man, then a prisoner, and cause him to conclude that a prompt admission, true or false, would mitigate his punishment.

This case closely resembles *State v. Whitfield,* 70 N. C., 356, where the language of the prosecutor was: "I believe you are guilty; if you are, you had better say so; if you are not, you had better say that:" *Held,* that the confession was made under the influence of hope or fear, or both, and was inadmissible.

In 1 Greenleaf Evidence "Confessions," the general question, is analyzed, with cited cases, and the principles above stated run through the chapter. He says: "It should be recollected that the mind of the prisoner himself is oppressed by the calamity of his situation, and that he is often influenced by motives of hope or fear to make an untrue confession."

The fact that the defendant at first denied, and after a while confessed, shows that some influence was operating on his mind. Both statements could not be true.

