The People *v.* Martínez et al.

Appeal from the District Court of Mayagüez.

No. 183.—Decided December 4, 1909.

Criminal Law—Judgment of Acquittal in Misdemeanor Cases—Appeal by the Fiscal.—The provisions of paragraph six, section 348, of the Code of Criminal Procedure, are not applicable to the case at bar, nor is the *fiscal* thereby authorized to take an appeal from a judgment of acquittal in misdemeanor cases which, in accordance with the law are tried by the court without the intervention of a jury.

Id.—Preliminary Investigation—Statements Made Under Oath by the Accused—When Admissible as Evidence.—When a defendant is compelled to answer a question under oath, put to him by a committing magistrate, touching his supposed connection with the crime under investigation, without his being informed of his legal rights and the effect of his reply, his admissions or statements are not admissible against him on his trial. Citing *The People* v. *Kent,* decided May 5, 1906, 10 P. R. Rep., 325.

Id.—Admissibility of Confession of Accused.—The courts are careful to satisfy themselves before admitting a confession that it was not made under the influence of hope or fear or any inducement likely to lead the person who made it to make an untrue confession.

*Mr. Rossy, fiscal,* for appellant.

*Mr. F. L. Cornwell* for respondent.

Mr. Justice MacLeary delivered the opinion of the court.

The defendants in this case were prosecuted in the District Court of Mayagüez for a conspiracy, and on a trial before the court without a jury were acquitted. The *fiscal,* on behalf of The People of Porto Rico, took an appeal from the judgment of acquittal and filed the record here for consideration.

On April 19 last, the trial judge approved the following bill of exceptions, to wit:

"Be it known that during the sittings of the District Court of Mayagüez, held during the 26th and 27th of February and 1st of March, 1909, and before the district judge, Hon. Otto Schoenrich, in the case for conspiracy against Angel Martínez and Alfredo Bravo, on an appeal taken by the accused against a judgment of the municipal court of Mayagüez, the *fiscal* presented the following bill of exceptions: 1. At the sitting of the 27th of February, during the evidence offered by The People of Porto Rico in support of the charge and tending to prove the material allegations thereof, the *fiscal* introduced the witnesses Inocencio Díaz, detective, and María Teresa Bacó, the *fiscal's* clerk, in order to prove by their testimony the statements made, in regard to the case, by the accused during the investigation regarding this matter made by virtue of an order from the Attorney General and in consequence of said investigation there was presented, on the day following the arrest of the accused, a complaint for conspiracy against the same and a warrant issued, the *fiscal* setting forth that said statements were admissions which did not amount to a confession; and he also introduced as proof the affidavits made by the accused before him connected with said investigation, in the same case, and in the presence of the witnesses offered said affidavits comprising said statements. Counsel for the defense took an exception thereto and the court sustained the objections declaring the evidence to be inadmissible. 2. At the sitting of the 1st of March, after the introduction of evidence by the *fiscal,* counsel for the accused requested an order of acquittal on account of the insufficiency of the evidence. The court granted the request made and issued an order acquitting the accused, the *fiscal* taking an exception thereto."

These rulings of the court as set forth in the foregoing bill form the basis of the appeal. It is not seriously contended that the court could have rendered a judgment of conviction without admitting the evidence included in the documents which had been excluded. The record does not show the contents of the documents on account of whose exclusion the *fiscal* complains. Nor are the reasons for the exclusion set forth in the bill of exceptions nor in any other part of the record. There being no briefs filed for the appellees and only

a very short and unsatisfactory one on behalf of the people, the court must rely chiefly on the oral arguments of counsel for the issues raised on this appeal.

The first is, whether or not an appeal lies from the judgment of the court rendered herein. It is claimed that it does under the sixth paragraph of section 348 of the Code of Criminal Procedure. That paragraph reads as follows: "An appeal may be taken by the people from an order of the court directing the jury to find for the defendant." The judgment in this case was rendered by the court. There was no jury in the case, and could not have been, the offense charged being only a misdemeanor. The court sustained a demurrer made by the defendants to the evidence introduced by the people and rendered a judgment of acquittal. It is true the effect was the same as if a jury had been directed to render a verdict of acquittal; but such a judgment is not included among the six cases mentioned in which an appeal may be taken by the people; and in our opinion no appeal lies in this case.

But if an appeal could have been properly prosecuted from the judgment rendered by the court below, there is nothing in the record on which we could consider the question of the admissibility of the declarations made before the *fiscal* by the defendants as evidence against them on the trial, as the record does not show the circumstances under which they were made, from which the court could determine whether they were voluntary or otherwise.

It is contended in oral argument that these confessions were extorted from the accused in the office of the *fiscal*, behind closed doors and under duress. If so, the case of Panchito does not apply. Such confessions are not admissible in the courts of this Island. The rule governing them will be found to be that "Confessions made by a person accused of crime at his preliminary examination, or in other judicial proceedings while he is under oath, without his being informed of his legal rights, or that statements or confessions made by him may be subsequently used against him, are not considered

voluntary, and are not admissible in evidence against him on his subsequent trial for the same crime. In other words, when an accused is compelled to answer questions under oath, put to him by a committing magistrate, touching his supposed connection with the crime then under investigation, without his being informed of his legal rights and the effect of his replies, his admissions or statements are not admissible against him on his trial." (*People of Porto Rico* v. *Kent,* 10 P. R. Rep., 325, and cases there cited.)

This proposition is sustained by the opinions rendered in the following American cases: *Coffee* v. *State,* 25 Fla., 501; 23 Am. St. Rep., 525, and note, 537; *People* v. *Mondon,* 103 N. Y., 211; 57 Am. Rep., 709; *People* v. *McMahon,* 15 N. Y., 384; *United States* v. *Williams,* 1 Cliff., 5; *Peter* v. *State,* 4 Smedes & M., 31; *United States* v. *Bascadore,* 2 Cranch C. C., 30; *United States* v. *Duffy,* 1 Cranch C. C., 164; *Walker* v. *State,* 28 Tex. App., 112; *Commonwealth* v. *Harman,* 4 Pa. St., 269; *Schoeffler* v. *State,* 3 Wis., 823; *State* v. *Rorie,* 74 N. C., 148; *State* v. *Matthews,* 66 N. C., 106; *State* v. *Clifford,* 41 Am. St. Rep., 524.

The general rule in regard to confessions and their admissibility is clearly stated by Judge Freeman in a luminous note to a Georgia case found in sixth American State Reports on page 242. It is couched in the following words:

"A confession freely and voluntarily made is not only admissible in evidence, but is evidence of the most complete and satisfactory nature. It is difficult to conceive how any person can voluntarily and freely confess himself guilty of the commission of a crime unless urged to do so by the promptings of truth and conscience. As, however, the history of criminal jurisprudence contains numerous well-authenticated cases in which persons accused of crime have confessed themselves guilty of imaginary and impossible crimes, and of crimes that were afterwards proved never to have been committed at all, it has become a well-established doctrine of English and American law that confessions of guilt should be received with caution, especially where the evidence offered is of verbal confessions. And the courts are very careful, before admitting confessions in evidence, to

satisfy themselves that they were not made under the influence of hope or fear, or of any inducement that would be likely to lead the persons who made them to make an untrue confession. The admissibility or inadmissibility of a confession is to be determined by ascertaining whether or not it was induced by such means as would be likely to make the accused confess that he had committed a crime which in fact he did not commit. (*Commonwealth* v. *Knap,* 9 Pick., 496; 20 Am. Dec., 491; Joy on Confessions, 51.)" (*Daniels* v. *State,* 6 Am. St. Rep., 242.)

Finding no error in the judgment of the court below, it should be accordingly affirmed.

*Affirmed.*

Chief Justice Hernández and Justices Figueras, Wolf and del Toro concurred.