### STATE v. ALEX GRIER.

(Filed 30 November, 1932.)

1. **Criminal Law L d—In this case exceptions of record are considered although transcript is imperfect.**

    In this case the exceptions of record are considered although the transcript may be imperfect, there being no motion by the Attorney-General to dismiss the appeal and the defendant having been convicted of a capital offense.

2. **Criminal Law G l—It is not necessary to competency of confession to officer that defendant be warned he is not compelled to answer.**

    It is necessary that a defendant examined by a magistrate in relation to the offense charged should first be informed that he is not compelled to answer and that his refusal to answer shall not be used to his prejudice, C. S., 4561, the proceeding before the magistrate being judicial, but such warning is not necessary in the extra-judicial examination of the defendant by a police officer, and where the defendant has made a confession to the officer which is excluded on the ground that such warning had not been given, and there is evidence that such confession was not induced by hope or fear, his latter confession, also made without inducement of hope or fear, will not be held incompetent on the ground that the defendant might not feel at liberty to depart from the statements of the first confession which was excluded.

3. **Same—Confession is deemed voluntary unless defendant makes contrary appear.**

    In order for a confession to be admissible in evidence it must be voluntary, the test usually being whether it was induced by hope or extorted by fear, but all confessions are to be taken as voluntary unless the person making them shows facts authorizing a legal inference to the contrary.

4. **Criminal Law G j—Evidence competent in regard to one defendant only was properly restricted and other defendant could not complain.**

    Where on the trial of two defendants for homicide the court admits in evidence the statement of one of them that he was not present at the time of the crime, but plainly charges the jury that such statement was not competent against the other defendant who denied it, the exception to its admission entered by the latter will not be sustained.

STATE *v.* GRIER.

APPEAL by defendant from *Finley, J.*, at June Term, 1932, of GASTON. No error.

Alex Grier, the prisoner, and Clyde Smith were indicted for the murder of Harold Carter. Grier was convicted of murder in the first degree and was sentenced to death. Smith was convicted of murder in the second degree. Grier alone appealed.

The deceased operated a filling station about four miles from Gastonia. On Sunday, 1 May, 1932, early in the morning he was found behind the stove in the filling station, lying in a pool of blood, unconscious. Three oil bottles had been broken, and the fragments were on the floor, together with a hand axe. He had lost considerable blood, and his head was fractured in numerous places. He was carried to the hospital and died without regaining consciousness.

After his arrest Grier made a confession implicating Smith as the one who had done the actual killing, while Grier waited at the door with a pistol. Smith likewise made a statement. At the trial both testified in their own behalf and each denied participation in the crime.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*J. A. Wilkins for prisoner.*

ADAMS, J. It is suggested in the brief of the Attorney-General that the transcript is imperfect, but as the prisoner has been convicted of a capital felony and no motion has been made to dismiss the appeal the exceptions entered of record will be duly considered. The principal assignment of error is the admission of evidence relating to the alleged confession of the prisoner and of a statement said to have been made by his codefendant, Clyde Smith.

The State first offered to prove the prisoner's confession by John Hord, a policeman, but his testimony was excluded for the reason that the prisoner had not been told that any statement he made could be introduced on the trial as evidence against him. Subsequently the solicitor of the district advised him "that any statement he might make would be used against him," that "he did not have to make a statement unless he so desired," and that "nothing was being offered him to make such statement." The prisoner then signed a statement of the circumstances attending the homicide, which had been reduced to writing by the court stenographer. In a lengthy statement, the minute intricacies of which need not be given, the prisoner said that he and Smith planned the homicide and that Smith killed the deceased while he remained outside

the station holding the pistol: "I was watching while he killed the fellow and got the money." The stenographer was permitted as a witness for the State, to read to the jury the prisoner's signed statement and John Hord testified as to the confession made by the prisoner after he had been advised of his rights. Exception was taken to Hord's testimony and to the admission of the written statement.

The prisoner while in jail was examined or "in one sense of the word cross-examined" by some of the officers, and after saying that he had nothing to do with the homicide finally made a confession; but this evidence, heard by the court in the absence of the jury, was excluded. Afterwards before the same officers he made the statement taken by the stenographer, which he said was "of his own free will." The statement was not induced by hope or fear or any other proffered advantage, but it is contended that the circumstances make it doubtful whether the prisoner felt at liberty to depart from the former admission of his participation in the crime and that if the first confession was improperly brought about this infirmity attached to the later statement.

It was shown affirmatively that the prisoner's first confession was not induced by hope or fear. His statement was excluded apparently for the reason that the prisoner had not been advised that he was not compelled to answer, and upon this theory he insists that the second confession was not admissible because there is no evidence that the motives inducing the first confession were not operative in the subsequent statement. *S. v. Roberts,* 12 N. C., 259; *S. v. Lowhorne,* 66 N. C., 638; *S. v. Fox,* 197 N. C., 478. This argument raises the question whether a confession of crime must be rejected unless it appears from the evidence that the person charged is informed at the time that he is at liberty to refuse to answer any question and that his refusal to answer shall not be used to his prejudice. Such information must be given to a prisoner who is examined by a magistrate in relation to the offense charged. C. S., 4561. This caution is essential to the examination at the hearing after arrest because the proceeding is judicial and after the examination of the complainant and his witnesses "the magistrate shall then proceed to examine the prisoner," but not on oath. This warning is not required in an extra-judicial conference between an officer and a person charged with crime who is under no constraint to answer. *S. v. Conrad,* 95 N. C., 666; *S. v. Howard,* 92 N. C., 772; *S. v. Suggs,* 89 N. C., 527. A confession voluntarily made by a person under arrest is competent, *S. v. Ellis,* 97 N. C., 447, *S. v. Rodman,* 188 N. C., 720; and all confessions are to be taken as voluntary unless the person making them shows facts authorizing a legal inference to the contrary.

*S. v. Sanders,* 84 N. C., 728; *S. v. Christy,* 170 N. C., 772. But every confession must be voluntary. The test is whether it was made under circumstances that would reasonably lead the person charged to believe that it would be better to confess himself guilty of a crime he had not committed. It is expressed in various ways. The confession is inadmissible if "the defendant was influenced by any threat or promise," or if it is "induced by hope or extorted by fear," or if "fear is excited by a direct charge or hope is suggested by assurance," or if extorted by "threats, promises, or any undue influence," or if "wrung from the mind by the flattery of hope or the torture of despair," or by "actual force" or the "hope of escape," or the statement, "it will be lighter on you." *S. v. Roberts, supra; S. v. Lowhorne, supra; S. v. Howard, supra; S. v. Whitfield,* 70 N. C., 356; *S. v. Myers,* 202 N. C., 351; *S. v. Livingston, ibid.,* 809. The confession excepted to in the present case was not characterized by any of these or similar circumstances and was not, therefore, incompetent.

The prisoner excepted to the admission of a statement made by Clyde Smith as taken by the stenographer in which he denied being with Grier on the night the deceased was killed. The court plainly charged the jury that any statement made by Smith and denied by Grier was not competent against Grier. The court's ruling was correct. The point was made in *S. v. Christy, supra,* and the Court said: "The prisoners except that the court did not warn the jury that any statement made by one of the prisoners not in the presence of the others could not be considered except against the one making it, and was no evidence against the others. It is not necessary in this case to recall the rule of practice set out by this Court, 164 N. C., 548: 'It will not be ground of exception that evidence competent for some purposes, but not for all, is admitted generally, unless the appellant asks at the time of the admission that its purpose shall be restricted,' for the record shows that the judge, on the admission of the evidence, and again in the charge, called the attention of the jury to the fact that the admission or statements of one of the prisoners was competent only against the party making it and should not be considered as against the others."

It may be observed that a part of the evidence points to the prisoner as the actual perpetrator of the homicide, but upon the present record we are not concerned with the jury's divergent findings as to the degree of murder. We find

No error.