Pearson, C. J.
 

 “It is the duty of the Judge to decide the facts upon which depends the admissibility of testimony; he cannot put upon others the decision of a matter, whether of law or of fact, which he himself is bound to make.”
 
 State
 
 v.
 
 Dick,
 
 2 Win., 45. In that case the Judge decided the fact against the prisoner, and admitted the evidence; but, in his instructions to the jury, he told them not to consider the confessions,' if they believed them not to have been made voluntarily. This was held to be error, but one of which the prisoner could not complain, because “ it could not by any possibility have wrought him harm.” As the Judge had decided the fact against him, it was only giving him another chance to have the same fact passed on by the jury. What facts amount to such threats or promises as make confessions not voluntary and admissible in evidence is a question of law, and the decision of the Judge in the court below can be reviewed by this court; so, what evidence the Judge should allow to be offered to him to establish these facts, is a question of law. So, whether there be
 
 any evidence
 
 tending to show that confessions were not made voluntarily, is a question of law. But whether the evidence, if true, proves these facts, and whether the witnesses giving
 
 *207
 
 testimony to the court touching the facts are entitled to credit or not, and in case of a conflict of testimony which witness should be believed by the court, are questions of fact to be decided by the Judge; and his decision cannot be reviewed in this court, which is confined to questions of law. See
 
 State
 
 v. George, 5 Jon., 233, as to the manner in which, the facts ■ found by the Judge should be set out in a case made up for this court. There his Honor, finding the facts
 
 to be as sworn to by the witnesses,
 
 ruled that this did not amount to such threats as, under the circumstances, made the confessions not voluntary, and • admitted them in evidence. This court reviewed that decision as a question of law. See also
 
 State
 
 v.
 
 Lawson, ante
 
 p. 47.
 

 In this case the Judge did not decide the preliminary fact upon which depended the admissibility of the confessions. Four witnesses, in their testimony
 
 to the court,
 
 if believed, proved the confessions made to James, the officer, were not made voluntarily, but under the fear of “ being hung on the next limb.” It was error for his Honor to pass this question by without a direct decision, and put on the jury the responsibility of deciding it upon evidence which was not offered to them, but to the court. The jury is sworn and empanneled to try
 
 the issues
 
 joined between the State and the prisoner at the bar, and not sworn and empanneled to try collateral matters preliminary to the admissibility of evidence. We cannot say, in this case, that the error “could not, by any possibility, have wrought the prisoner harm,” we cannot say how the jury regarded the matter, or what would have been the decision of his Honor, if the question of the credibility of these witnesses had been squarely met by him. The duty of finding the facts preliminary to the admissibility of evidence is often a very embarrassing one, as in this case where there is a conflict of testimony. But this duty must be discharged by the Judge, and the evil of al
 
 *208
 
 lowing Mm to let the jury also pass on these facts is this: if he decide for the prisoner and reject the evidence, that is. the end of it, whereas, if he decide for the State, and care leave it to the jury to review his decision, it is an inducement for Mm to decide
 
 pro forma
 
 for the State, and so the-evidence goes to the jury without having the preliminary-facts decided according to law. Under this view the second-error in
 
 “Dick’s
 
 case” “ might by possibility have wrought Mm harm.” We are relieved however by the fact, that as-he had a
 
 venire de novo
 
 on the first ground, the ruling upon the second was not necessary to the decision; it may be for that reason it was not more fully considered by this court.
 

 It is set out in the statement of the case sent to this court r “In the argument to the jury
 
 (not before)
 
 the prisoner’s counsel asked the court to withdraw the confessions.” The case shows that the testimony of four witnesses tending to show that the confessions were not made voluntarily had been offered to the court in the progress of the trial. This could only have been done for the purpose of excluding the confessions, and if his Honor, in the exercise of his discretion, ruled that the objection came too late, it was for him to take the responsibility of saying so, and it could not be avoided by leaving the matter to the jury.
 

 We must be allowed to enter our protest against the unnecessary prolixity in the statement of cases made up for this court, which seems to be coming into practice. It is not a mere matter of taste. Costs are unnecessarily accumulated, and much is added to the labor of the members of this court when required to wade through such voluminous documents; it is almost literally to look for a needle in a hay stack. It is the privilege of the counsel of the appellant to make up a case for this court, in order to present the points of law, which answers the purpose of a bill of exceptions ; but the case is made up under the supervision of the
 
 *209
 
 ■Judge, and he should not yield to the importunity of counsel, and allow unnecessary detail of evidence and matter irrelevant, 'because the counsel do not choose to take the ¡trouble of separating the wheat from the chaff.
 

 Per Curiam.
 
 Venire de novo.