## STATE v. FRANK HUGHES.

*Practice—Judgment against prosecutor for Costs.*

Where after the acquittal of the defendant in a criminal action, one M was marked as prosecutor and adjudged to pay the costs on motion of the defendant and the solicitor, but upon notice given by the defendant alone ; *Held* not to be error. (Act of 1879, ch. 49.)

(*State* v. *Crosset*, 81 N. C., 579, cited and approved.)

INDICTMENT for Larceny tried at Spring Term, 1880, of STOKES Superior Court, before *Buxton, J.*

Upon return of a verdict of " not guilty " the defendant moved to have the name of the prosecutor, Martin, marked on the bill. This was resisted on the ground that the notice and motion in such case should have been made by the

state. The court allowed the motion and gave judgment against the prosecutor for costs, from which he appealed.

*Attorney General*, for the State.
No counsel, *contra*.

DILLARD, J. The defendant was indicted for stealing tobacco plants of James G. Martin, and on the trial was acquitted, and thereupon, on notice by defendant to said Martin, a motion was made by him, and also by the solicitor without other notice than the one given by the defendant, Hughes, to have said Martin set down as prosecutor and for judgment against him for costs, and from the judgment of the court ascertaining said Martin to be prosecutor and adjudging the costs against him, said Martin appeals to this court.

By act 1874–'75, ch. 207, it was enacted that in all criminal actions, in case of the acquittal of the accused or his discharge from the prosecution otherwise, the costs including fees to his witnesses, upon certificate of the judge or justice of the peace of their being necessary to the defence, should be paid by the prosecutor marked upon the bill, if any, upon the further certificate, that there was not reasonable cause for the prosecution and that the same was not demanded by the public interests. And under the act it was held that the person prosecuting in order to be liable should have been marked as such on the bill when sent to the grand jury, and that the court had no right to order him afterwards to be so marked without his consent. *State v. Crosset*, 81 N. C., 579, and cases there cited.

By the act of 1879, ch. 49, power is given to the judge, court or justice of the peace, before whom a trial is had, to ascertain and order marked a party as prosecutor at any stage of a criminal proceeding, with the proviso, that he is not to be so marked after bill found without notice to him

to show cause against it.; and when a person is so ascertained and set down, he is liable in case of an acquittal, *nolle prosequi,* or arrest of judgment to pay the costs including the fees to accused's witnesses, whom the judge, court or justice of the peace shall certify to have been proper for the defence, and whenever such judge, court or justice of the peace shall be of opinion, that there was no reasonable ground for the prosecution and that the same was not called for by the public interests.

In this case at the return of the verdict of not guilty, the defendant then and there, as stated in the judge's case of appeal, notified Martin of a motion to be made to have him marked as prosecutor and for judgment against him for costs, and afterwards the motion was made the said Martin being present and resisting on the ground that the notice and motion should have been by the state and not by the acquitted party. On consideration of the motion the court adjudged the prosecution to be frivolous and not called for by the public interests and ordered that said Martin be set down as prosecutor and gave judgment against him for the costs, and thereupon, on motion of the solicitor, it was again adjudged that he pay the costs, and the appeal of the said Martin presents only the question of the legality of this judgment.

By the aforesaid act of 1879, ch. 49, the court unquestionably had the power to ascertain and set down Martin as prosecutor, and to enter judgment against him for the costs. That is conceded by Martin, but he urges that Hughes, having been acquitted and not asking any certificate as to the necessity of any witnesses summoned on his part to his defence, was not interested in the matter of costs, and it was error in the court below to act on *his notice and motion.*

The judge in his statement sent up sets forth that the judgment against Martin was on the notice and motion of Hughes, and also on the motion of the solicitor; and so the

question is narrowed down to the point, whether under the circumstances it was admissible to adjudge Martin to pay the state's costs on motion of the solicitor without other notice than that which had been given by the acquitted party.

The object of the notice to a party proposed to be set down as prosecutor and to be subjected to costs, is, that he may have a day in court to show cause against the application, if any he have; and here, on notice of motion from Hughes, the acquitted defendant, Martin was present and heard in opposition, and no reason appears to us why the court, although Hughes was asking nothing in respect of costs incurred by him, might not, at the hearing of the motion on a notice given by Hughes only, have ordered Martin to be marked as prosecutor and adjudged the costs against him. Martin under the notice from Hughes had his day in court and his opportunity of showing cause was as complete as if he had had another notice from the prosecuting officer of the state.

There is no error and this will be certified to the court below.

PER CURIAM.                                        No error.