In STATE v. BURGWYN, from Halifax :

## Confessions.

The decision in *State* v. *Andrew*, Phil., 205, and *State* v. *Efler*, 85 N. C., 585, relating to confessions of defendants as evidence, approved.

RUFFIN, J. The case discloses but a single exception, and that, in the opinion of this court, cannot be sustained.

The state proposed to give in evidence certain confessions of the defendant, and, upon objection being raised to their competence, examined two witnesses, both of whom testified that they were voluntary, and, free of any inducement of either hope or fear. Thereupon the court admitted the evidence and the defendant excepted.

After other evidence for the prosecution, the state rested

its case, and the defendant then introduced a witness who testified that the confessions deposed to by the witnesses for the state had been extorted by fear.

So far as we can see from the case, no request was made to the court to reconsider its ruling as to the admission of the confessions, after the conflicting evidence bearing on the point was heard. But we do not stop to consider that, for conceding that there had been such request, and that His Honor had declined, we do not see how it could affect our decision.

What facts amount to such threats or promises as to exclude confessions as not being voluntary, is a question of law, says PEARSON, C. J., in *State* v. *Andrew*, Phil., 205. So too, whether there be any evidence tending to show that confessions were not voluntary, is a question of law, and the decision of the court in regard to them may be reviewed in this court. But whether the evidence, if true, proves these facts, and whether the witnesses giving the testimony in regard to the facts are credible or not, and in a case of a conflict of testimony, which witness should be believed by the court, are all questions of fact to be decided by the court, the decision of which cannot be reviewed.

To the same effect are *State* v. *Vann*, 82 N. C., 31, and *State* v. *Efler*, 85 N. C., 585.

No error. Affirmed.

In *King* v. *Ellington*, from Wake:

ASHE, J. There was no exception taken by the plaintiff to the charge of the court or its ruling upon any point; and the plaintiff having shown no error, "it must be remembered that if the appellant fails to assign and prove

an error, the judgment, although it *may* be erroneous must be affirmed." *Utley* v. *Foy*, 70 N. C., 303; *Swepson* v. *Summey*, 74 N. C , 551; *Stephenson* v. *Jones*, 1 Dev., 15.

The judgment of the superior court of Wake must therefore be affirmed.

No error. Affirmed.

In *State* v. *Conway*, from New Hanover:

PER CURIAM.—This case is governed by *State* v. *Hughes*, 83 N. C., 665, and for reasons there given, the judgment is affirmed.

In *State* v. *Sheppard*, frm Carteret.

There is no statement of the case accompanying the record, and the judgment below is affirmed.