STATE v. PAGE.

(October 16, 1900.)

1. *Assault—Intent to Commit Rape—Rape—Sufficiency of Evidence—Criminal Law.*

Evidence in this case as to intent held sufficient to go to the jury.

2. *Confession—Findings of Court—Admissions—Evidence.*

Finding of Court that a confession was voluntary, there being no evidence to the contrary, is not reviewable.

FAIRCLOTH, C. J., dissenting.

INDICTMENT against William Page, heard by Judge *H. R. Starbuck* and a jury, at Fall Term, 1900, of PITT Superior Court. From a verdict of guilty and judgment thereon, the defendant appealed.

*Zeb V. Walser,* Attorney-General, for the State.
*Skinner & Whidbee,* for the defendant.

CLARK, J. This was an indictment for an assault with intent to commit rape. The defendant demurred to the evidence, and also requested the Court to instruct the jury that the evidence failed to show any intent to commit rape, and that there was not sufficient evidence to justify finding the defendant guilty of a greater offense than a simple assault. The demurrer was overruled, and the prayer was refused, and the defendant excepted.

The prosecutrix testified that the defendant, who was employed as a casual day-laborer by her husband, opened the door of her room where she was lying down on a pallet with her baby, without knocking, and asked where her husband was. Being told that he was absent, the defendant expressed his

STATE *v.* PAGE.

intention to put his hands on her. She said, "No, you are not," whereupon he started into the room, when she jumped up, and ran to the back door, which was in an adjoining room, leaving her baby upon the floor. The defendant pursued her, and, as she caught hold of the knob of the back door, he caught hold of her, and also put his other arm between her and the door. After a struggle, she got loose, and, opening the door, she escaped into the back yard. He did not follow her further, it seems, and, being told by her that she would tell her husband, asked her not to do so, and said he had only felt of her breast. His confession that the above statement was true was also in evidence, in which he further stated that he was "afraid that her husband would come in, and he stopped." The admission of the confession as evidence was excepted to on the ground that it was made under duress, but the Judge found as a fact that the confession was voluntary, and his admission of the evidence is not reviewable, as there was evidence to that effect (and, indeed, none to the contrary). *State v. Crowson,* 98 N. C., 595; *State v. Burgwyn,* 87 N. C., 572; *State v. Andrew,* 61 N. C., 205. There was some other evidence which was properly submitted to the consideration of the jury, but is not material upon the inquiry whether there was any evidence. Upon the above testimony, we can not declare, as a matter of law, that there was no evidence of an assault "with felonious intent to have carnal knowledge of the person of the prosecutrix, forcibly and against her will." *State v. Mitchell,* 89 N. C., 521; *State v. Williams,* 121 N. C., 628. The intent of the defendant is solely for the jury. The Judge and jury see the bearing of the witnesses under examination and many other things incident to a trial which throw a vivid light in the investigation of the truth, but which can not be transmitted in the cold words of a transcript sent to this Court. One

127——33

great advantage of a trial by jury is that they can see and hear and judge from their knowledge of human nature and of everyday things of life in coming to a correct conclusion upon matters which are too intangible to be passed up to an appellate court in the transcript. But, at all events, the prosecutrix testified that the defendant invaded her house, threatening to lay hands upon her, pursued her to the back door, took hold of her, and attempted to prevent her escape, and that she got loose from him only after a struggle, and the defendant confessed the truth of her statement, and added that he stopped because he feared her husband would return. In submitting the evidence of his intent to the jury, there was

No error.

FAIRCLOTH, C. J., dissents.