Error.

---

B. F. THOMPSON, admr. of H. V. THOMPSON, v. SEABOARD AIR LINE RAILWAY COMPANY.

(Filed 22 April, 1908).

1. **Appeal and Error—Rules of Supreme Court—Assignment of Error—Practice.**

    Under Rules of the Supreme Court 19 (subdiv. 2) and 27, the assignments of error on questions of evidence should set out the testimony so that their relevancy can be seen; and on the rulings of the court or some other matters occurring at the trial, the ruling itself or the attendant facts and circumstances should be so stated that their bearing on the controversy can be perceived to some extent in reading the assignments themselves.

2. **Same—Dismissal.**

    A statement purporting to be assignments of error appearing in the record just after the statement of case on appeal, setting forth in general terms that the appellant excepted to the rulings of the court, as appeared in certain numbered exceptions of record taken on the trial, such exceptions themselves not being suffi-

ciently or properly stated, in excluding evidence, and "to a judgment of nonsuit as noted in the forty-seventh exception," is not definite enough for the Court to consider on appeal or to be referred to the Clerk to be put in the prescribed shape therefor, and the appeal should be dismissed, under Rule 20, as not in compliance with Rules 19 and 27.

CONNOR, J., dissenting, *arguendo.*

ACTION tried before *Webb, J.,* and a jury, at December Term, 1907, of ANSON.

Plaintiff appealed.

The action was to recover damages for the alleged negligent killing of plaintiff's intestate. Forty-seven exceptions were entered during the progress of the trial, the last being a motion to dismiss as in judgment of nonsuit, which was allowed by the court. In apt time motion was made in this Court to dismiss the appeal for noncompliance with the rules of Court as to the assignment of errors. The rules applying to the subject, being Rule 19, subdiv. 2, and Rule 27, appear in 140 N. C. Reports, 653 *et seq.*

The statement purporting to be an assignment of errors, appearing just after the statement of case on appeal and offered as a compliance with the rules referred to, is as follows:

· 1. The rulings of the court in excluding the evidence as noted in the first exception, second exception, third exception, fourth exception, fifth exception, sixth exception, seventh exception, eighth exception, ninth exception, tenth exception, eleventh exception, twelfth exception, thirteenth exception, fourteenth exception, fifteenth exception, sixteenth exception, seventeenth exception, eighteenth exception, nineteenth exception, twentieth exception, twenty-first exception, twenty-second exception, twenty-third exception, twenty-fourth exception, twenty-fifth exception, twenty-sixth exception, twenty-seventh exception, twenty-eighth exception, twenty-ninth exception, thirtieth exception, thirty-first exception, thirty-second exception, thirty-third exception, thirty-fourth exception, thirty-fifth exception, thirty-sixth exception, thirty-seventh

exception, thirty-eighth exception, thirty-ninth exception, fortieth exception, forty-first exception, forty-second exception, forty-third exception, and forty-fourth exception.

2. To the ruling of the court as noted in the forty-fifth exception.

3. To the ruling of the court as noted in the forty-sixth exception.

4. To the judgment of nonsuit as noted in the forty-seventh exception.

Appeal dismissed.

*Robinson & Caudle* for plaintiff.

*J. D. Shaw, Murray Allen* and *J. A. Lockhart* for defendant.

HOKE, J., after stating the facts: The first portion of Rule No. 27, which is in substance taken from the statute (Revisal, sec. 591), provides as follows: "Every appellant shall set out in his statement of case served on appeal his exceptions to the proceedings, ruling or judgment of the court, briefly and clearly stated and numbered. When no case settled is necessary, then within ten days next after the end of the term at which the judgment is rendered from which an appeal shall be taken, or in case of a ruling of the court at chambers and not in term time, within ten days after notice thereof, appellant shall file the said exceptions in the office of the Clerk of the Court below. No exception not thus set out or filed and made a part of the case or record shall be considered by this Court, other than exceptions to the jurisdiction or because the complaint does not state a cause of action, or motions in arrest for the insufficiency of an indictment." Subdivision 2, Rule 19, is as follows: "All the exceptions relied on, grouped and numbered, shall be set out immediately after statement of case on appeal." And Rule 20, establishing the method by which Rule 19 may be enforced, is as follows: "If any cause shall be brought on for argument and the above regulations

shall not have been complied with, the case shall be dismissed or put to the end of the district or the end of the docket, or continued, as may be proper. If not dismissed, it shall be referred to the Clerk or some other person to put the record in the prescribed shape, for which an allowance of $5 will be made to him, to be paid in advance in each case by the appellant, or the appeal will be dismissed."

These rules (19 and 20) refer to exceptions which have been properly assigned for error in accordance with Rule 27 and the section of the statute (Revisal, sec. 561), and the proper observance of all of them is required for the orderly and efficient disposition of causes on appeal. They will not usually be complied with by making a short excerpt from the stenographer's notes, incomplete in themselves and giving no indication of their real bearing upon the question involved. In the excitement of a *nisi prius* trial and the hurry and confusion that sometimes attend it counsel not improperly note many exceptions which on reflection they will readily see can have no possible effect on the result. And it is required that in making a statement of these cases on appeal, which can be done in more deliberate circumstances and after examination and further reflection, they will only assign for error those exceptions which may in some way have operated to their client's prejudice. If the exception be to a ruling of the court on a question of evidence, the testimony should be so set out that its relevancy can be seen. And if the exception is to some other ruling of the court or some other matter occurring at the trial, the ruling itself or the attendant facts and circumstances should be so stated that its bearing on the controversy could be perceived to some extent in reading the assignment itself. And when the exceptions have been properly assigned and have become a part of the case on appeal, they should be numbered and grouped and their placing in the record given, in compliance with subdivision 2, Rule 19; for this, like Rule 27, refers to exceptions which are

designed and intended to be appellant's assignments of error. Just what will be considered in all cases a compliance with this requirement cannot be laid down with any great exactness, nor should it be harshly or arbitrarily enforced, and the Court must rely to a great extent upon the good sense and intelligence of counsel and the commendable disposition they have always shown in aiding the Court to a proper consideration of their causes on appeal.

Speaking of this rule, in 2 Pleading and Practice, p. 943, we find it treated as follows: "Just what will constitute a sufficiently specific assignment must depend very largely upon the special circumstances of the particular case; but always· the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is. The assignment must be so specific that the Court is given some real aid and a voyage of discovery through an often voluminous record not rendered necessary."

Rules 19 and 20 are framed in accordance with the principle indicated in this citation, and it will be noted that, while the appeal may in proper cases be dismissed, if the defect is not of a serious character, but one that could be readily corrected, provision is made by which this last course may be pursued. With a desire to impress the importance of these rules upon counsel and to invoke their assistance and support in making them efficient and workable, we repeat what is said concerning them in the case of *Lee v. Baird,* 146 N. C., 362: "These rules, published in 140 N. C., 660, have been adopted after extended and careful reflection and because they were found necessary to a proper performance of the public business of the Court, not alone with reference to its reasonable dispatch, but in giving the Court a more accurate understanding of causes on appeal, thereby greatly aiding us in an intelligent consideration of the questions presented and to a determination of controversies on their real merits.

Furthermore, a proper compliance with the rules here in question (Rule 19, subdiv. 2, and Rule 21) is fair and just to opposing counsel, giving them as it does an opportunity to know the positions they will be required to discuss, to the end that they will be better prepared to aid the Court in making true deliverance on the rights of parties, the purpose which we all have most earnestly at heart. And it may be well here to note that in many instances it would be no fair observance of Rule 19, subdiv. 2, simply to make excerpts from a stenographer's notes of any and every exception taken in the hurry and excitement of a *nisi prius* trial. The counsel for the appellant, in 'grouping and stating' the exceptions relied on by him, should give the matter his earnest consideration, that the Court may also have the benefit of his judgment and fuller information as to the real questions involved in the controversy. It is not our desire or purpose to be unreasonable or exacting in respect to this last suggestion. It is made rather with the view of impressing upon counsel our deep sense of the importance and value of their giving to the Court in its decisions of these causes on appeal the benefit of their reflection and careful preparation."

Applying what has been said here to the present case on appeal, it will be readily seen that there has been no compliance with the rules we have been discussing. To ascertain the exceptions which are material and their bearing on the questions at issue would require a prolonged and careful study of the entire case. To refer the case to the Clerk to be reformed and corrected would entail upon that officer an amount of labor which would be entirely unreasonable and which in the time allowed him for the work might result in grave injustice to the appellant himself or to the appellee, or both.

For the reason given we are of opinion that the appeal should be dismissed, and it is so ordered.

Appeal Dismissed.

147—27

CONNOR, J., dissenting: I regret to dissent from a decision of the Court in regard to a question of practice, and have heretofore refrained from doing so. I do not question the wisdom of the statute or the propriety of the rule requiring reasonable certainty in the assignment of errors. I concur in the reasons so well stated by *Mr. Justice Hoke* in defense and explanation of the rule. I think that, giving to it a fair construction, the appellant has assigned with sufficient certainty the alleged error "to the judgment of nonsuit." I am not able to see how it could be made more definite. At the conclusion of the evidence the plaintiff makes a motion in the nature of a demurrer to the evidence to dismiss the action, for that, assuming all of it to be true, no actionable wrong is shown. This motion may by way of argument be supported by a number of reasons. The court, without assigning any reason, sustains the motion. How is the plaintiff to do more than except and assign as error that the motion for judgment of nonsuit was sustained? It is well settled and not infrequently the case in this Court that the judgment below may be sustained upon a reason entirely different from that urged or adopted in the Superior Court. The entire record is open to the appellee to find any reason to sustain the judgment. I have not in my experience at the bar or on the bench seen any other method of assigning error upon appeal from a judgment of nonsuit, nor could I, if called upon, suggest any other form in which to do so. The fact that a large number of other errors are not assigned in accordance with the rule should not bar the appellant from having his valid assignment considered. Each exception and assignment of error is separate and distinct and their validity is in nowise interdependent. Another reason which brings me to the conclusion that the appeal should not be dismissed is that the form in which the assignment is made cannot mislead counsel for the appellee or impose any additional burden on this Court. I cannot understand how a demurrer to the evidence or for judgment of non-

BANK *v.* JONES.

suit can be reviewed otherwise than by sending to this Court the entire evidence bearing upon the cause of action. Again, I think that upon a fair interpretation of the rule we should not dismiss appeals, but refer the record "to the Clerk or some other person to put in proper shape." The right of appeal is secured by the Constitution, and, while the Legislature or this Court in their proper spheres may regulate the manner, time, etc., in which causes shall be brought to this Court, we should not, except in cases clearly outside the rules, refuse to determine "matters of law or legal inference" when presented to us in substantial accordance with the rules. I shall hereafter regard the practice as settled, hoping that counsel will be careful to conform to the rule. While I must confess my inability to perceive how assignments of error to judgment upon demurrer to the evidence are to be made more specific, I am quite sure that the learned and experienced counsel who practice in this Court will discover a method of doing so to conform to the opinion of my learned brethren.