## STATE v. JOHN WHITENER.

(Filed 28 April, 1926.)

**1. Evidence—Competency—Courts—Preliminary Questions—Appeal and Error.**

The trial judge is required to hear the evidence, including that of the defense, when so requested, in determining its competency, and where in a criminal case the State offers confessions of the prisoner with evidence tending to show they were voluntarily made by him, the defendant in his own behalf has the legal right to offer evidence to the contrary, and the judge's refusal to hear him is reversible error.

**2. Appeal and Error—Conclusions of Law—Evidence—Preliminary Hearings—Courts.**

Upon determining whether the confessions of a prisoner on trial were made voluntarily and therefore competent, the conclusions of the trial judge upon the weight and credibility of the evidence are conclusive on appeal, but his refusal to hear the prisoner's evidence to rebut that of the State's witness is an error of law, and is reviewable thereon.

**3. Same—Criminal Law—Witnesses—Defendants—Statutes.**

> The defendant in a criminal action is competent as a witness in his own defense upon the preliminary hearing of the trial judge, as to whether confessions he had made to the officers of the law were voluntarily made or induced from him contrary to law.  C. S., 1799.

APPEAL by defendant from *Schenck, J.,* at September Term, 1925, of GUILFORD.

Criminal prosecution tried upon an indictment charging the prisoner with a capital felony, to wit, murder in the first degree.

From an adverse verdict and judgment of death pronounced thereon, the prisoner appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Sidney S. Alderman and Kenneth M. Brim for defendant.*

STACY, C. J.  There is evidence on behalf of the State tending to show that on the night of 9 June, 1925, Fred G. Claywell, in company with two fellow-policemen of the city of High Point, went to the home of the defendant, John Whitener, to break up a gambling game, which they had reason to believe was going on in his house.

Quite a battle ensued between the officers and the colored men who had gathered at the defendant's home for a game of cards.  Fred G. Claywell, one of the officers, was shot, which resulted in his death a few days thereafter; the defendant was shot twice, though not mortally wounded, while another of the card players was killed almost instantly. In the confusion which followed, an oil lamp was turned over and the house was destroyed by fire.  Officer Claywell and the defendant were both taken to the hospital.  The latter recovered from his injuries, the former did not.

While the defendant was in the hospital the police officers kept him constantly under guard and endeavored to elicit from him a statement as to who shot officer Claywell, and the circumstances under which the shooting occurred.

After several days' questioning, the prisoner signed a written confession to the effect that he was the one who shot officer Claywell; in fact, the only one in his party who had a pistol; and that the wounded officer returned the fire while lying on the floor, or after he had been felled by the defendant.

To the introduction of this evidence the accused, through his counsel, objected, on the ground that the confession was not given voluntarily; and the prisoner asked that the jury be withdrawn from the court room, to the end that he might interrogate the State's witnesses before the court on the preliminary question as to the competency of such pro-

posed evidence. The jury was excused, and on cross-examination by counsel for the prisoner, the witnesses for the State testified that the confession was made voluntarily, after the prisoner had been informed of his rights, and that no inducements whatever were held out to him which caused him to make it.

For the purpose of denying this evidence touching the voluntariness of his confession, the prisoner, through his counsel, asked that he be allowed to take the stand, not before the jury, nor in the cause, but before the judge, to give his version as to how the alleged confession was obtained from him. His Honor ruled that, as a matter of law, he could not hear the testimony of the defendant, in the absence of the jury, on the preliminary inquiry looking to the admissibility of the alleged confession. In this ruling we think there was error. The evidence of the prisoner, had he been allowed to testify, and, if believed, would have rendered the alleged confession incompetent as evidence against him. *S. v. Roberts,* 12 N. C., 259. See, also, *S. v. Davis,* 125 N. C., 612, *S. v. Drake,* 82 N. C., 593, *S. v. Dildy,* 72 N. C., 325, and *S. v. Matthews,* 66 N. C., 106, as pertinent authorities bearing upon the instant case.

"A confession is voluntary in law if, and only if, it was in fact, voluntarily made."—*Mr. Justice Brandeis* in *Ziang Sung Wan v. United States,* 266 U. S., 1, reported in 69 L. Ed., 131, with valuable note.

The case of *Bram v. United States,* 168 U. S., 532, 42 L. Ed., 568, contains an exhaustive review of the English and American authorities on the subject, the opinion of the Court being written by *Mr. Justice White,* with a dissenting opinion filed by *Mr. Justice Brewer.* See, also, *Ammons v. State,* 80 Miss., 592, as reported in 18 L. R. A. (N. S.), 768, for a collection of the pertinent authorities in a valuable note by the annotator covering the whole subject now under investigation.

After declining to hear the testimony of the defendant touching the manner in which the alleged confession was secured, the court found as a fact from the evidence of the State's witnesses, that the confession was given voluntarily, and thereupon permitted the solicitor to offer it in evidence against the prisoner.

. The record, therefore, presents the question squarely as to whether the prisoner, at his own request, was entitled, as a matter of law, to testify before the judge, in the absence of the jury, on the preliminary inquiry addressed only to the court, with respect to the admissibility of the alleged confession as evidence against him. We think the prisoner, at his own request, was entitled to be heard on this preliminary inquiry—the credibility of his testimony, of course, being a matter for the judge.

In this jurisdiction it is the province of the judge, and not that of the jury, to determine every question, whether of law or of fact, touching

the admissibility of evidence. *Monroe v. Stutts,* 31 N. C., 49. The parties are entitled, as a matter of right, to have the judge definitely decide all questions relating to the admissibility of evidence, and to admit or reject it accordingly. *S. v. Dick,* 60 N. C., 440.

Speaking to the identical question in *S. v. Andrews,* 61 N. C., 205, *Pearson, C. J.,* said: " 'It is the duty of the judge to decide the facts upon which depends the admissibility of testimony; he cannot put upon others the decision of a matter, whether of law or of fact, which he himself is bound to make.' *S. v. Dick,* 60 N. C., 440. . . . What facts amount to such threats or promises as make confessions not voluntary and admissible in evidence is a question of law, and the decision of the judge in the court below can be reviewed by this Court. So what evidence the judge should allow to be offered to him to establish these facts is a question of law. So whether there be any evidence tending to show that confessions were not made voluntarily is a question of law. But whether the evidence, if true, proves these facts, and whether the witnesses giving testimony to the court touching the facts are entitled to credit or not, and, in case of a conflict of testimony, which witness should be believed by the court are questions of fact to be decided by the judge; and his decision cannot be reviewed in this Court, which is confined to questions of law."

And further in the same opinion it is said: "The duty of finding the facts preliminary to the admissibility of evidence is often a very embarrassing one, as in this case, where there is a conflict of testimony. But this duty must be discharged by the judge, and the evil of allowing him to let the jury also pass on these facts is this: If he decide for the prisoner and reject the evidence, that is the end of it, whereas, if he decide for the State, and can leave it to the jury to review his decision, it is an inducement for him to decide *pro forma* for the State, and so the evidence goes to the jury without having the preliminary facts decided according to law."

This is the fixed law of North Carolina as settled by a long line of decisions. *S. v. Davis,* 63 N. C., 578; *S. v. Vann,* 82 N. C., 631; *S. v. Efler,* 85 N. C., 585; *S. v. Sanders,* 84 N. C., 728; *S. v. Burgwyn,* 87 N. C., 572; *S. v. Crowson,* 98 N. C., 595; *S. v. Page,* 127 N. C., 513.

And to like effect are the decisions in other jurisdictions. *Enoch v. Com.,* 126 S. E. (Va.), 222; *Com. v. Culver,* 126 Mass., 464; *People v. Fox,* 121 N. Y., 449; *Briscoe v. State,* 67 Md., 6; *Brown v. State,* 71 Ind., 470; *S. v. Fidment,* 35 Iowa, 541.

Speaking to the question in *People v. Rogers,* 192 N. Y., 331, *Bartlett, J.,* said: "Where in a criminal prosecution a paper alleged to be a written confession by the defendant is offered in evidence against him and he objects to its admission, and offers to prove at that stage of the

trial that the paper was procured from him by such threats or promises or under such other circumstances as, if established, would render it inadmissible, it is the duty of the trial judge to receive the evidence thus offered against the admissibility of the alleged confession before deciding as to the competency of the confession itself; and it is error to admit the paper without first receiving and considering such evidence."

In *S. v. Kinder,* 96 Mo., 548, *Black, J.,* states the law of Missouri as follows: "When there is reason to believe that the confessions were obtained by the influence of hope or fear, it becomes the duty of the judge to hear the evidence and determine whether it shall go to the jury. Whether the confessions were made with that degree of freedom which allows of their admission, is a preliminary question for the judge to determine. This is the long-settled rule in this State. *Hector v. State,* 2 Mo., 167; *S. v. Duncan,* 64 Mo., 262; *S. v. Patterson,* 73 Mo., 696. This being the law, it would seem to follow that the judge should hear all the evidence bearing upon the question whether the confessions were obtained by improper influences, before he passes upon their admissibility. It is the duty of the judge to hear all such competent evidence on this preliminary question as the defendant may see fit to offer. This is true though the officer or other person called to the stand by the State may deny that any improper influences were used. Whart. Crim. Ev., sec. 689; *People v. Soto,* 49 Cal., 69. Since a defendant is a competent witness, under our statutes, in his own favor, he is a competent witness on this preliminary issue. This indeed is the legitimate deduction to be drawn from what we said in the recent case of *S. v. Rush,* 95 Mo., 199."

By express statute (C. S., 1799), a defendant on trial in this jurisdiction, charged with a criminal offense, is, at his own request, but not otherwise, competent to testify in his own behalf, and we see no valid reason why he should not be permitted, at his own request, to give evidence before the court, on the preliminary inquiry, touching the admissibility of an alleged confession, which the State proposes to offer as evidence against him. True, this may result, at times, in producing embarrassing situations for the judge, especially where the evidence is conflicting and the witnesses are unknown to him, nevertheless the question of the competency of evidence in this jurisdiction is one for the judge, and not for the jury, to decide. *S. v. Maynard,* 184 N. C., p. 658.

For the error in declining, as a matter of law, to hear the prisoner on this preliminary inquiry, a new trial must be awarded.

There are other exceptions appearing on the record worthy of consideration, but as they are not likely to arise on another hearing, we shall not consider them now.

New trial.