STATE v. ERNEST BOSWELL.

(Filed 15 September, 1926.)

**Criminal Law—Homicide—Evidence—Telegrams—Identification—Appeal and Error.**

Where the defendant is on trial for homicide, and there is evidence tending to show that a certain person whose evidence was of paramount · importance to him, was in a certain city of another state, a telegram to her, while he was out on bail, signed with his Christian name, reading, "Don't talk if you are under arrest. Will see you soon," requires further identification than that of the agent of the telegraph company that it had been received for transmission at his office on the date stated, to be admissible in evidence against him, and its admission over the defendant's exception is reversible error.

Appeal by defendant from *Barnhill, J.,* at February Term, 1926, of Wilson.

Criminal prosecution tried upon an indictment in which it is charged that the defendant, Ernest Boswell, with two others, to wit: Arthur Lamm and Tanner Poythress, did on 7 February, 1925, kill and murder one Clayton Beaman of Wilson County.

Upon the call of the case for trial, the solicitor announced that, as Arthur Lamm had been convicted of murder in the second degree and Tanner Poythress acquitted at a former term of court, the. State would not ask for a verdict of murder in the first degree against Ernest Boswell, but would ask for a verdict of murder in the second degree, or manslaughter, as the evidence might disclose.

Verdict: Guilty of murder in the second degree.

Judgment: Imprisonment in the State's prison for a period of not less than 20 nor more than 25 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*O. P. Dickinson and A. O. Dickens for defendant.*

STACY, C. J.  There was ample evidence tending to connect Ernest Boswell with the murder of Clayton Beaman, and we need not consider the exception based on the motion to nonsuit, except to say that the demurrer to the evidence was properly overruled.

A woman by the name of Jennette Stewart was with the defendant on the night of the homicide, and she figured in the evidence, both of the State and the defendant, as Johnnie Stewart. She was evidently a concubine of the defendant.

On 29 April, 1925, more than two months after the homicide, and while the defendant was out on bail, having been arrested the second time, charged with the murder of Beaman, the following telegram was sent from Wilson, N. C., to Miss Jennette Stewart, care of police department, Americus, Georgia: "Don't talk if you are under arrest. Will see you soon. (Signed) Ernest."

The defendant admitted, on his cross-examination, that he was in Wilson in April, 1925, and that he knew Jennette Stewart was in Americus, Georgia, at that time, but stated that he did not send the telegram in question and knew nothing about it.

In rebuttal, the State offered J. S. Mallison as a witness, who testified that he was manager of the Wilson office of the Western Union Telegraph Company, that the telegram then shown to him (above set out) was the original taken from the files of his office, and that it was transmitted over the wires of the company. The message, including the name "Ernest," was all written with typewriter. Upon this identification, the telegram was offered in evidence and read to the jury.

The defendant contends that the State had laid no proper basis for the introduction of this telegram as evidence against him and that its reception as such was hurtful and prejudicial to his case. We are constrained to believe that the defendant's position in this regard is well taken.

In the first place, it will be observed, there is no evidence that the telegram was sent or signed by the defendant. That it was a pungent bit of evidence against him can hardly be doubted. The judge in arraying the contentions of the State called attention to the fact that the defendant had failed to have Jennette Stewart as a witness at the trial to corroborate him as to his whereabouts on the night of the homicide. It was con-

tended on the argument before the jury that Jennette Stewart knew more about the movements of the defendant on the night in question than he wished to have disclosed, and that for this reason he had sent her the above mentioned telegram. Its damaging effect, if incompetent, is apparent. The State's evidence is largely circumstantial in character. If the telegram in question were erroneously admitted, as contended by the defendant, a new trial must be awarded.

Ordinarily a letter, or a telegram, does not prove itself, and it is not admissible as evidence in the absence of proof of its genuineness. 25 A. & E. Enc. of Law, 876. Without such proof, there is nothing to show that it is not the act of a stranger or some other person. Any other rule would open wide the door to fraud and imposition. The question is so thoroughly discussed, with full citation of authorities, by *Walker, J.,* in *Woody v. Spruce Co.,* 175 N. C., 545, that we are content to rest our decision on what is said in that case without repeating it here. On the record, as now presented, the telegram in question should have been excluded. There is no sufficient evidence that it was authorized or sent by the defendant, or that he knew anything about it or had anything to do with it. If it were sent by a stranger without the knowledge or consent of the defendant, as suggested in appellant's brief, it certainly would not be competent as evidence in the present prosecution.

Nor was the error cured by submitting the question to the jury and instructing them to disregard the telegram unless they were satisfied of its genuineness, either that it was sent by the defendant personally or at his direction. The competency or admissibility of evidence, in this jurisdiction, is to be determined by the judge and not by the jury. *S. v. Whitener,* 191 N. C., 659.

There are other exceptions appearing on the record, worthy of consideration, but as they are not likely to arise on another hearing, we shall not consider them now.

For the error as indicated, there must be a new trial; and it is so ordered.

New trial.