STATE v. CLYDE LIVINGSTON.

(Filed 15 June, 1932.)

**Criminal Law G 1—Confession in this case held involuntary and incompetent.**

> Only voluntary confessions are admissible in evidence, and a confession is voluntary only when it is in fact voluntarily made, and where after the arrest of the defendants and the measuring of their shoes and tracks at the scene of the crime they are told that "it would be lighter on them" to confess and that "it looks like you had about as well tell it," whereupon the defendants confess to the crime charged: *Held,* their confession was involuntary and its admission in evidence constitutes reversible error.

APPEAL by defendant, Clyde Livingston, from *Harwood, Special Judge,* at November Special Term, 1931, of WILKES.

Criminal prosecution tried upon indictment charging the defendant, and another, with breaking and entering the storehouse of one M. J. Parsons, other than burglariously, with intent to steal the goods and chattels of the said owner to the value of $25.00, etc., contrary to the provisions of C. S., 4235.

The defendants were arrested and after having had their shoes measured to ascertain whether they corresponded with the tracks at the store (*S. v. McLeod,* 198 N. C., 649), the township constable and Mr. Parsons told them that their shoes fitted the tracks, "it looks like you had about as well tell it," and "the chances were if they would tell they got it (the stolen property) it would be lighter on them." The boys talked together a little and then said: "We got some stuff." (Objection; overruled; exception.)

From an adverse verdict and judgment of 18 months on the roads, the defendant, Clyde Livingston, appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*
*Trivette & Holshouser and Cranor & McElwee for defendant.*

STACY, C. J. The confession of the defendants made under the inducement that the chances were "it would be lighter on them" if they would say they got the property, coupled with the remark of the officer, "it looks like you had about as well tell it," must be regarded as arising out of circumstances which render it involuntary, and, therefore, incompetent as evidence against appellant. *S. v. Myers, ante*, 351; *S. v. Whitener*, 191 N. C., 659, 132 S. E., 603; *S. v. Jones*, 145 N. C., 466, 59 S. E., 353; *S. v. Horner*, 139 N. C., 603, 52 S. E., 136.

Almost the identical question here presented, certainly the same in principle, was decided in *S. v. Davis*, 125 N. C., 612, 34 S. E., 198, *S. v. Drake*, 82 N. C., 593, *S. v. Dildy*, 72 N. C., 325, *S. v. Whitfield*, 70 N. C., 356, *S. v. Matthews*, 66 N. C., 106, *S. v. Lawhorne*, 66 N. C., 638.

A free and voluntary confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt, but a confession wrung from the mind by the flattery of hope, or by the torture of fear, comes in such questionable shape as to merit no consideration. *S. v. Patrick*, 48 N. C., 443.

Speaking to the subject in *S. v. Roberts*, 12 N. C., 259, *Henderson, J.*, said: "Confessions are either voluntary or involuntary. They are called voluntary when made neither under the influence of hope or fear, but are attributable to that love of truth which predominates in the breast of every man, not operated upon by other motives more powerful with him, and which, it is said, in the perfectly good man cannot be countervailed. These confessions are the highest evidences of truth, even in cases affecting life. But it is said, and said with truth, that confessions induced by hope or extorted by fear are, of all kinds of evidence, the least to be relied on, and are therefore entirely to be rejected."

Voluntary confessions are admissible in evidence against the party making them; involuntary confessions are not. A confession is voluntary in law when—and only when—it was in fact voluntarily made. *S. v. Newsome*, 195 N. C., 552, 143 S. E., 187.

New trial.