### STATE v. SIMON GIBSON, ALIAS COOCHIE GIBSON.

#### (Filed 29 November, 1939.)

**1. Criminal Law § 33—Held: Subsequent confession should have been excluded under presumption that it was induced by same influence vitiating prior confession.**

In this prosecution for rape, testimony of a confession made by defendant was excluded upon the ground that it was induced by hope in that defendant was told that if he confessed it would be lighter on him and that the sentences would run concurrently. Over defendant's objection a witness was permitted to testify that defendant had "repeated" the confession to him and had admitted his guilt. *Held:* The inducement that the sentences should run concurrently infers that the defendant was charged with several offenses and his admission of "guilt," without a statement of facts, does not disclose that he intended to confess guilt of the capital offense, and testimony of the second confession should have been excluded under the presumption that it was induced by the same influence motivating the original confession.

**2. Same—Where prior confession is involuntary, it will be presumed that subsequent confession was induced by same influence.**

Where a confession has been obtained under such circumstances or by such methods as to render it involuntary, a presumption arises which imputes the same prior influence to any subsequent confession of the same or similar facts, and while the presumption is rebuttable, the burden is on the State to overcome it, and defendant should be given an opportunity to be heard upon the competency of the subsequent confession.

**3. Same: Criminal Law § 78c—Absence of motion to strike out testimony of alleged incompetent confession held not fatal to defendant's objection upon the record in this case.**

Defendant objected to the admission of testimony of a subsequent confession on the ground that the subsequent confession was tainted with the same vitiating influence which induced the prior confession of similar facts excluded by the court. The State contended that the objection was not subject to review for that no motion was made to strike out the testimony. *Held:* There being facts appearing of record raising the presumption that the second confession was induced by the same influence that motivated the prior confession, entitling defendant to an opportunity to be heard on the question of its competency, a new trial is awarded upon defendant's exception notwithstanding the absence of a motion to strike out the evidence.

APPEAL by defendant from *Stevens, J.,* at September Term, 1939, of NEW HANOVER.

Criminal prosecution tried upon indictment charging the defendant with rape.

Verdict: Guilty of rape as charged in the bill of indictment.

Judgment: Death by asphyxiation.

The defendant appeals, assigning errors.

STATE *v.* GIBSON.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*William L. Farmer and Addison Hewlett, Jr., for defendant.*

STACY, C. J.   The record discloses that the crime of which the defendant stands charged, and has been convicted, occurred on the night of 23 July, 1939, at the home of the prosecuting witness in the city of Wilmington.   About a month later the defendant was arrested and taken before the prosecuting witness.   "She did not absolutely identify this boy as being the man . . . at that time. . . . She looked at him, and studied him and says, 'I don't think it is him.'"   The defendant was put in jail.   On 24 August he made a confession in the presence of several officers, including the mayor of the city of Wilmington, and others, which, upon the *voir dire,* was found to be involuntary.   The inducement, according to the defendant's contention, was, that the officers said to him after his arrest, "We have plenty on you," and suggested or made offers "that it was best to tell about everything, . . . let the sentences run concurrently, and that it would be lighter on him." *S. v. Stevenson,* 212 N. C., 648, 194 S. E., 81; *S. v. Harrison,* 115 N. C., 706, 20 S. E., 175.   This alleged confession was made in the office of the mayor.

On the trial of the cause, the prosecuting witness was positive in her identification of the defendant as her assailant.

The mayor was called as a witness for the State.   He was allowed to testify, over objection, that the defendant had "repeated his confession" to him that morning just before the opening of court while the defendant was in the prisoner's box.   The witness testified: "He rambled about and practically denied it. . . .   I said you are guilty, aren't you, and he said, 'Yes, sir,' but he said, 'There are two men in that paper.'"   The jury was admonished not to consider any reference to the paper, the prior confession.   The witness continued: "He did not come right out and say he denied it. . . .   I saw his counsel afterwards and told him I wanted to be fair with him, and that this darky had repeated his confession to me. . . .   I told Mr. Hewlett, to be perfectly frank with you, there was no question about his guilt, and I didn't see why he didn't plead insanity.   Sure, I think he is of low mentality.   I don't think there is any question about his guilt, and I think he ought to plead insanity."

The case is here principally upon the admission of the foregoing evidence.   It is the position of the defendant that the same influence which induced the involuntary confession in the mayor's office on the morning of 24 August was still active, and caused him hopefully to "repeat" it to the mayor on the morning of the trial.

It will be observed that without stating any facts the defendant is alleged to have answered the inquiry as to his guilt in the affirmative. This involved a conclusion of law as well as one of fact. The witness was also allowed to express an opinion as to the guilt of the accused.

Moreover, it may be asked of what grade of crime did the defendant intend to say he was guilty? *S. v. Williams,* 185 N. C., 685, 116 S. E., 736. The previous inducement, according to his contention, was, "that it was best to tell about everything, . . . let the sentences run concurrently." Apparently more than a single charge had been preferred against him. Was he talking about the capital offense?

In the present state of the record, we are constrained to hold that the "repetition" of the prior involuntary confession should have been excluded upon the presumption that it had been induced by the same influence which brought about the original confession. *S. v. Drake,* 113 N. C., 624, 18 S. E., 166.

It is established by numerous decisions that where a confession has been obtained under such circumstances or by such methods as to render it involuntary, a presumption arises which imputes the same prior influence to any subsequent confession of the same or similar facts, and this presumption must be overcome before the subsequent confession can be received in evidence. *S. v. Moore,* 210 N. C., 686, 188 S. E., 421; *S. v. Drake,* 82 N. C., 592; *S. v. Lowhorne,* 66 N. C., 638; *S. v. Roberts,* 12 N. C., 259; 20 Am. Jur., 424. See *S. v. Fox,* 197 N. C., 478, 149 S. E., 735, and cases there cited. Especially is this so, when the court is then cognizant of the fact that the accused has made a prior involuntary confession. *Daniels v. State,* 78 Ga., 98, 6 Am. St. Rep., 238, and annotation at p. 249. The burden is on the prosecution to overcome this presumption. *McNish v. State,* 45 Fla., 83, 34 So., 219, 110 Am. St. Rep., 65.

To be sure, the presumption is a rebuttable one. *S. v. Moore, supra;* 20 Am. Jur., 425. But it would be error to admit the confession in evidence without giving the defendant an opportunity to be heard upon its competency. *S. v. Blake,* 198 N. C., 547, 152 S. E., 632; *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603; *S. v. Alston,* 215 N. C., 713, 3 S. E. (2d), 11; *S. v. Godwin, ante,* 49, 3 S. E. (2d), 347.

It is urged, however, that no motion was made to strike out the evidence, or at least that none appears of record. *S. v. Steen,* 185 N. C., 768, 117 S. E., 793.

Speaking to a kindred, though slightly dissimilar, situation in *S. v. Anderson,* 208 N. C., 771, 182 S. E., 643, it was said: "The most serious exception appearing on the record is the one addressed to the refusal of the court to strike out the alleged confession of the defendant Howard Overman. It is true, when the alleged confession was offered in evi-

dence, its voluntariness was not questioned or determined in the manner pointed out in *S. v. Whitener,* 191 N. C., 659, 132 S. E., 603. The court was justified in admitting it at the time. And even when the testimony of D. P. Stewart later developed, there was no motion to withdraw the alleged confession from the consideration of the jury—at least none appears of record. The exception now insisted upon was taken at the close of all the evidence. The ruling might possibly be upheld upon procedural grounds, but inasmuch as the involuntariness of the alleged confession is apparent from the testimony of the State's witness, D. P. Stewart, we are disposed to disregard form for merit and to hold that the alleged confession should have been stricken out," citing in support of the position: *S. v. Livingston,* 202 N. C., 809, 164 S. E., 337; *S. v. Grier,* 203 N. C., 586, 166 S. E., 595; *S. v. Davis,* 125 N. C., 612, 34 S. E., 198; *S. v. Drake,* 113 N. C., 624, 18 S. E., 166; *S. v. Dildy,* 72 N. C., 325; *S. v. Whitfield,* 70 N. C., 356.

For the error, as indicated, a new trial must be awarded. It is so ordered.

New trial.