STATE v. BILLY WAYNE DISHMAN.

(Filed 25 March, 1959.)

**1. Appeal and Error § 19:     Criminal Law § 154—**

While the form and sufficiency of an assignment of error must de-

pend largely upon the special circumstances of the particular case, it is required that the assignment specifically point out the alleged error without requiring a voyage of discovery through the record, and it should, ordinarily, set out so much of the evidence or the charge or other matter or circumstance relied upon, as to clearly present the matter to be debated.

**2. Criminal Law § 71—**

Statement by investigating officers to the effect that they wanted to find out the truth and that it would be better if defendant told what happened, does not render a confession involuntary, and where the record discloses that no hope for lighter punishment was held out to defendant and that defendant did not act through fear, duress, intimidation or inducement, the record supports the court's findings that the admissions were voluntary and therefore competent.

PARKER, J., concurring in result.

APPEAL by defendant from *Burgwyn, E. J.,* September, 1958 Term, GASTON Superior Court.

At the time of arraignment the solicitor announced in open court: "The State would not seek conviction of the capital crime of rape, but of such lesser offense as the evidence in the case might justify." Upon the issues raised by the plea of not guilty, the court and jury heard numerous witnesses both for the State and the defendant. The latter testified in his own defense. The jury returned a verdict: "Guilty of an assault on a female, he being a male person over the age of 18 years." From the judgment imposing a jail sentence "for not less than nine nor more than 12 months," the defendant appealed.

*Malcolm B. Seawell, Attorney General, Harry W. McGalliard, Assistant Attorney General, for the State.*

*Mullen, Holland & Cooke, By: F. P. Cooke for defendant, appellant.*

HIGGINS, J.   From time to time for more than 50 years, the Court has stated the minimum requirements for valid assignments of error. "Just what will constitute a sufficiently specific assignment must depend very largely upon the special circumstances of the particular case; but always the very error relied upon should be definitely and clearly presented, and the Court not compelled to go beyond the assignment itself to learn what the question is. The assignment must be so specific that the Court is given some real aid and a voyage of discovery through an often voluminous record not rendered necessary."

*Thompson v. R.R.*, 147 N.C. 412, 61 S.E. 286. "What the Court desires, and, indeed, the least any appellate court requires, is that the exceptions which are *bona fide* presented to the court for decision, as the points determinative of the appeal, shall be stated clearly and intelligently by the assignment of errors, and not by referring to the record, and therewith shall be set out so much of the evidence, or of the charge, or other matter or circumstance (as the case may be) as shall be necessary to present clearly the matter to be debated." *Greene v. Dishman*, 202 N.C. 811, 164 S.E. 342; *Rogers v. Jones*, 172 N.C. 156, 90 S.E. 117; *Steelman v. Benfield*, 228 N.C. 651, 46 S.E. 2d 829; *Allen v. Allen*, 244 N.C. 446, 94 S.E. 2d 325; *Tillis v. Cotton Mills*, 244 N.C. 587, 94 S.E. 2d 600; *Armstrong v. Howard*, 244 N.C. 598, 94 S.E. 2d 594; *Lowie v. Atkins*, 245 N.C. 98, 95 S.E. 2d 271; *Hunt v. Davis*, 248 N.C. 69, 102 S.E. 2d 405; *Nichols v. McFarland*, 249 N.C. 125, 105 S.E. 2d 294; *Pamlico County v. Davis, ante,* 648.

The rule with respect to the assignments of error is not alone for the benefit of the Court. For obvious reasons, litigants are interested in having all members of the Court participate to the fullest extent in the decisions. Before argument, each Justice takes time off from other duties to examine the records and briefs (often voluminous) to the end that maximum benefit may be obtained from the argument. Immediately after argument, each case is considered in conference and a tentative decision reached on the basis of the previous study of the record and briefs, and the oral argument. The Justice selected to write the opinion has the benefit of the tentative decision and the discussion leading to it. Necessarily, he must review the record in detail. After the opinion is written and copies circulated, other members of the Court review it in the light of their original study. The assignments of error furnish the key to this study. If properly prepared, they reduce the possibility that a mistake or oversight will escape detection before the opinion is offered for final approval.

In this case, the assignments, with two exceptions (Nos. 4 and 5) do not conform to the rule. One and two are typical:

"1. The action of the Court, as set out in defendant's EXCEPTION #1 (R pp 19-20), in admitting evidence of a confession over the objections and motion for a mistrial and motion to strike the evidence of the defendant.

"2. The action of the Court, as set out in defendant's EXCEPTION #2 (R p 21), in expressing an opinion to the jury."

These assignments require a voyage of discovery through the record. Otherwise they are meaningless. Faulty assignments have occurred

with such frequency that we repeat here some of the urgent reasons for obeying the rules. This Court has no desire to deprive any litigant of his opportunity to have his case heard on the merits. But when more than the necessary time is spent on one case because of faulty presentation, the time lost by all members of the Court must be at the expense of other litigants. If other emphasis is needed, we call attention to the fact that records and briefs filed in cases set for one week of argument during the Fall Term totaled more than 3,000 pages.

The defendant's assignment No. 4 relates to the refusal of the court to grant his motion to strike all the evidence relating to the so-called confession upon the ground the statements made were involuntary. Realizing it would be cumbersome to recite in the assignment all the evidence asked to be stricken, we are giving the assignment due consideration. The evidence objected to arose out of the following circumstances: The investigating officers stated to the defendant they wanted to find out the truth. That " * * * it would be better if he would go ahead and tell us what had happened." The defendant then made incriminating statements. He was a married man, 24 years old, and a member of the Charlotte Auxiliary Police. Inquiry by the court disclosed nothing in the way of promises or duress. The defendant, who testified in his own behalf, did not claim he was offered any inducement or acted under any intimidation or threats in making the incriminating statements. The court held the statements were voluntary and, therefore, admissible.

The defendant cites, as authority for excluding the admissions, the case of *State v. Livingston*, 202 N.C. 809, 164 S.E. 337. In that case, two boys were arrested for store breaking and larceny. When their shoes were fitted into the tracks at the store, the officers told them that if they would admit it (the theft) the chances were it would be lighter on them. The admissions were excluded because of the hope for lighter punishment.

The record here discloses the officers asked for nothing except the truth. They held out no hope for lighter punishment. The defendant's own evidence did not indicate he acted through fear, duress, intimidation, or inducement. The facts support the court's findings the admissions were voluntary and, therefore, competent. *State v. Exum*, 213 N.C. 16, 195 S.E. 7; *State v. Caldwell*, 212 N.C. 484, 193 S.E. 716; *State v. Stefanoff*, 206 N.C. 443, 174 S.E. 411; *State v. Rodman*, 188 N.C. 720, 125 S.E. 486.

Assignment No. 5 cannot be sustained. The evidence was ample to repel the motion to dismiss.

The record fails to disclose any reason why the verdict and judgment should be disturbed.

No Error.

PARKER, J., concurring in result. In *S. v. Livingston,* 202 N.C. 809, 164 S.E. 337, the confession of the defendants was made after the statement to them that the chances were it would be lighter on them, if they would say they got the property. A new trial was awarded.

In *S. v. Thompson,* 227 N.C. 19, 40 S.E. 2d 620, the officers testified they told Covington: " 'It would be better to go on and tell us the truth than try to lie about it. . . .; it would be better to come on and tell the truth.' " The Court said it could not be held as a matter of law that the confession made after such a statement by the officers made the confession inadmissible.

In *S. v. Thompson,* 887 N.C. 19, 40 S.E.. 2d 620, the officers testithe officers to the defendant was: "if he told us anything to tell the truth, if he would not tell the truth, not to tell anything at all." The Court held the confession of the defendant made thereafter admissible.

In the instant case the officer told the defendant: "I thought it would be better if he would go ahead and tell us what had happened."

It is to be noted that in the *Livingston* case the suggestion was that the defendants confess their guilt, and in the *Thompson* and *Thomas* cases and in the instant case the suggestion was, in substance, to tell the truth, not to confess.

In *S. v. Thompson, supra,* the Court said: "The rule generally approved is, that 'where the prisoner is advised to tell nothing but the truth . . . , his confession . . . , is admissible.' "

The assignment of error challenging the admissibility of the confession does not come too late, because the question raised by the defendant as to the voluntariness of the confession appears from the State's evidence. *S. v. Anderson,* 208 N.C. 771, 783, 182 S.E. 643, 650; *S. v. Gibson,* 216 N.C. 535, 5 S.E. 2d 717.

The Court said in *S. v. Biggs,* 224 N.C. 23, 29 S.E. 2d 121: "It is conceded that if the evidence in respect of the voluntariness of the statements were merely in conflict, the court's determination would be conclusive on appeal. *S. v. Hairston,* 222 N.C. 455, 23 S.E. 2d 885; *S. v. Smith,* 221 N.C. 400, 20 S.E. 2d 360; *S. v. Whitener,* 191 N.C. 659, 132 S.E. 603; *S v. Christy,* 170 N.C. 772, 87 S.E. 499; *S. v. Page,* 127 N.C. 512, 37 S.E. 66; *S. v. Burgwyn,* 87 N.C. 572. Equally

well established, however, is the rule that 'what facts amount to such threats or promises as make confessions not voluntary and admissible in evidence is a question of law, and the decision of the judge in the court below can be reviewed by this Court.' *S. v. Andrew*, 61 N.C. 205; *S. v. Manning*, 221 N.C. 70, 18 S.E. 2d 821; *S. v. Crowson*, 98 N.C. 595, 4 S.E. 143."

Whether the statement of the officer to the defendant made the confession involuntary and inadmissible in evidence is a question of law, and the ruling of the court below is reviewable by this Court. In my opinion, it cannot be held as a matter of law that the statement of the officer to the defendant here, which was, in substance, to tell the truth, and nothing more, made his confession involuntary and inadmissible in evidence. I concur in the result.