STATE OF NORTH CAROLINA v. BAYARD THURMAN POOLE, JR.

(Filed 9 November, 1966.)

**Automobiles § 72—**

In this prosecution for operating a motor vehicle on a public highway while under the influence of intoxicating liquor, the conflicting evidence *is held* to raise a question for the jury and warrant the overruling of defendant's motion to nonsuit.

APPEAL by defendant from *Copeland, S.J.,* August 2, 1966 Criminal Session of WAKE.

Defendant, charged with operating a motor vehicle on a highway in Wake County on March 19, 1966, while under the influence of intoxicating liquor, was first convicted in the Recorder's Court of Wendell. From the judgment there imposed he appealed to the Superior Court, where the evidence of the State tended to show:

Between 5:00 and 6:00 p.m. (approximately an hour and a half before dark) on March 19, 1966, defendant, accompanied by his wife and son, drove his Ford automobile from Riverview Drive into Wayne Drive, a 30-foot wide gravel street, open to public travel. Defendant "proceeded across Wayne Drive into the road ditch in a long sweeping angle," and struck the rear end of a tractor, which Mr. Samuel A. Pittman had stopped in his own driveway with its rear wheels in the ditch on the street. After the car struck the tractor, defendant drove 100 feet beyond the Pittman house and stopped at the next house. After his wife and son got out on the right side of the car, defendant drove the automobile backward to the Pittman drive. When defendant got out he was staggering and "his equilibrium was not much." His face was red, his speech barely coherent, and he had a strong odor of alcohol on his breath. Mr. Pittman summoned a highway patrolman and "Trooper Rowe" came to the scene in a few minutes. He began his investigation by asking defendant who had been driving the automobile. Defendant, in the presence of his wife, said that he was the driver. In the opinion of Messrs. Pittman and Rowe, defendant was under the influence of some intoxicating beverage.

Defendant did not testify. He offered the testimony of his wife, who said that she — not defendant — was the driver of the automobile; that he had had two or three drinks before they left their home in Knightdale between 5:00 and 5:30 p.m.; that Pittman had caused the collision when he backed the tractor out into the road in front of her approaching automobile; that she went into the ditch in an unsuccessful effort to avoid it. She also said that to her knowledge Mr. Rowe did not ask defendant who had been driving the automobile.

The jury returned a verdict of guilty as charged in the warrant. From the judgment imposed, defendant appeals.

*T. W. Bruton, Attorney General, William W. Melvin, Assistant Attorney General, and Donald M. Jacobs, Staff Attorney for the State.*
*Earle R. Purser for defendant.*

PER CURIAM. Defendant's assignments of error present only the question of nonsuit. *State v. Wilson*, 263 N.C. 533, 139 S.E. 2d 736; *State v. Dishman*, 249 N.C. 759, 107 S.E. 2d 750. The preceding statement of the evidence manifests its sufficiency to overrule the motion for nonsuit. The record discloses that throughout the trial the judge correctly applied the pertinent rules of law. Obviously, the jury accepted the State's evidence and rejected defendant's. In the trial, we find
No error.